The plaintiff's complaint is in one count. It purports to allege two causes of action against the defendant, one sounding in nuisance and the other in negligence. Good pleading required that these respectively alleged causes of action be stated in separate counts. Practice Book § 34. This aspect, however, is not before the court and will be passed.
In abbreviated form the subordinate allegations of the complaint for present purposes read: The defendant was the owner of a tenement house having three floors and the plaintiff as a tenant occupied a furnished room on the third floor. Each floor had *Page 199 
a public hallway. Access to and from the rooms on the second and third floors was by a stairway used in conjunction with the hallways. While descending the stairway leading from the third to the second floor, the plaintiff was caused to fall because of a defective condition of one of the steps and the absence of a handrail, resulting in injuries to her person. The paragraph following these allegations reads: "Said condition of said stairway, as described herein, constituted a nuisance."
The defendant demurs to the complaint in so far as it sounds in nuisance "because it is not alleged that the plaintiff was injured in relation to a right she enjoyed by reason of her ownership of an interest in land nor is a public nuisance alleged."
Clearly the alleged condition cannot be said to constitute a public nuisance. Nolan v. New Britain,69 Conn. 668, 678; Croughwell v. Chase Brass CopperCo., 128 Conn. 110, 112. The plaintiff does not so urge.
Whether the alleged condition may be said to give rise to a cause of action for private nuisance as to the plaintiff, a tenant, is the only question that need be considered. "A private nuisance exists only where one is injured in relation to a right which he enjoys by reason of his ownership of an interest in land."Webel v. Yale University, 125 Conn. 515, 525.
Surely the plaintiff had a right of ingress and egress from and to the room she occupied as a tenant on the third floor of the building. Necessarily she was obliged to make use of hallways and the stairway in furtherance of that right. To this extent she had a sufficient interest in the hallways and the stairway by virtue of her status as a third-floor tenant.
The following principles are deemed pertinent: "The appurtenances of ingress and egress, essential to use and reasonably within the contemplation of *Page 200 
the parties at the time of the leasing, are as much a part of the room conveyed as the room itself." 3 Thompson, Real Property (Perm. Ed.) § 1165, quoted in Martel v. Malone, 138 Conn. 385, 389. "A tenant ... is an occupant who has not only an interest in land, but also some estate, be it ever so little, such as the estate of a tenant at will." 32 Am. Jur. 27, § 2.
Had the ground of the demurrer been that the doctrine of "condition amounting to a nuisance" does not apply as between landlord and tenant, the demurrer might be well taken. Harris v. LewistownTrust Co., 326 Pa. 145, 153, 110 A.L.R. 749; 32 Am.Jur. 527. And the same result might follow had the ground of the demurrer been that liability of the defendant, if one exists, belongs only in the field of negligence. Webel v. Yale University, supra. But the court is restricted to a consideration of the grounds interposed.
The allegations of that portion of the complaint to which the demurrer is directed are held to plead sufficiently the existence of a private nuisance as to the plaintiff, a tenant. That the complaint should be comprised of plural counts, and that the count in nuisance should be further amplified by descriptive allegations relating to the existence of that condition, are matters for another day in the interest of good pleading. As drawn, the interposed demurrer is of limited character.
 Demurrer overruled.