JOSEPH COLLETTE ET AL. *v.* JOHN S. PIELA ET AL.

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, JS.

Argued May 6—decided June 29, 1954

*Wesley C. Gryk,* with whom, on the brief, was *Anthony J. Gryk,* for the appellants (plaintiffs).

*Joseph P. Cooney,* with whom, on the brief, was *Henry F. Cooney,* for the appellees (defendants).

DALY, J. Joseph Collette, a minor, and his mother and father, Flora and Frank Collette, joined as plaintiffs in this action against the defendants. The complaint contained fourteen counts. Each of the plaintiffs alleged facts, in separate counts, setting up causes of action based on negligence, breach of warranty, breach of contract and nuisance. In two additional counts, the plaintiff Frank included the allegations contained in the eight counts in which the causes of action of Joseph and Flora were stated and alleged that, on their behalf, he had incurred and would incur expenses for their medical and hospital care and treatment. The plaintiffs claimed in substance that, as tenants, they occupied a furnished apartment in a building owned by the defendants, that the defendants owned, controlled and maintained furniture, including a gas hot-water heater and mechanism, in the apartment, and that the plaintiffs were injured by noxious, offensive and sickening fumes, vapors and gases arising from the heater. The jury returned a general verdict for the defendants and the plaintiffs have appealed.

During the trial the plaintiffs' attorney stated that he was "willing to let that count go out about the breach of warranty." He obviously intended to refer to the second, sixth and tenth counts, in which the plaintiffs claimed that the defendants had warranted the condition of the gas heater and that the plaintiffs were injured and damaged as a result of the defendants' breach of warranty. Upon the basis of this statement, the court was justified in assuming that the plaintiffs were abandoning these three causes of action. In acting upon that assumption, the court did not err in not submitting to the jury the questions of fact upon the issues raised by the pleadings in these three counts.

Before arguments were made by counsel, the court, in addressing the jury, said that it was "withdrawing from [their] consideration all but the first, fifth and ninth counts, which charge negligence." In *McWilliams* v. *American Fidelity Co.*, 140 Conn. 572, 575, 102 A.2d 345, the trial court instructed the jury that the state of the evidence was such that the plaintiff could not recover on the second count and that they were to disregard it, and submitted the case to them on the first count only. We held that the instruction was, in effect, a direction to the jury to return a verdict for the defendant on the second count, and we considered it as such. Likewise, we regard the court's statement, in the instant case, to be a direction to return a verdict for the defendants upon the second, third, fourth, sixth, seventh, eighth, tenth, eleventh, twelfth, thirteenth and fourteenth counts. We have stated our approval of the court's action with regard to the second, sixth and tenth counts and shall turn our attention to its direction of a verdict for the defendants on the third, fourth, seventh, eighth, eleventh, twelfth, thirteenth and fourteenth counts.

In the third, seventh and eleventh counts, breach of contract was claimed. The plaintiffs alleged, in each of them, that it was one of the express covenants and conditions of the oral rental agreement under which they occupied the apartment in the defendants' building that the defendants would make necessary repairs to the premises and furniture, including the gas hot-water heater and mechanism, and that the plaintiffs relied upon the defendants' promise to repair and were injured and damaged as a result of their failure to make repairs as agreed. In their brief and appendix, the plaintiffs do not state, print or refer to any evidence upon

which the jury could find that there was an express covenant or condition that the defendants would make repairs to the gas hot-water heater and mechanism. It thus appears that there would have been no support for a plaintiffs' verdict upon these counts and that the action of the trial court in directing a verdict for the defendants upon them was justified. *Bernardo* v. *Hoffman,* 109 Conn. 158, 159, 164, 145 A. 884; *Smeriglio* v. *Connecticut Savings Bank,* 129 Conn. 461, 463, 29 A.2d 443.

In the fourth, eighth and twelfth counts, the plaintiffs alleged that the defendants maintained a nuisance. It is claimed that the gas heater was defective because the orifice which let the gas into the burner was too large for the heater, which had no flue. This amounts to saying that the defendants were negligent in not having installed a flue and that, since a structural defect existed as a result of this negligence, they maintained a nuisance. Since the heater was annexed to the realty, the defective condition in the apparatus was a structural defect in the demised premises. The liability of the defendants as landlords for injuries from such a defect is very limited in character. "[W]hen the tenant enters into possession he assumes the risks of any structural defects except those which he could not discern with reasonable diligence and with knowledge of which the landlord was chargeable." *DesMarchais* v. *Daly,* 135 Conn. 623, 626, 67 A.2d 549. It is generally recognized that the cause of action does not sound in nuisance. *Miles* v. *Janvrin,* 196 Mass. 431, 437, 82 N.E. 708; *Jackson* v. *Public Service Co.,* 86 N.H. 81, 86, 163 A. 504; *Harris* v. *Lewistown Trust Co.,* 326 Pa. 145, 153, 191 A. 34. If the heater was defective, it avails the tenant nothing to call it a nuisance. His cause of

action still sounds in negligence. In the present case, the first, fifth and ninth counts adequately stated the plaintiffs' causes of action for a structural defect in the premises. The trial court did not err in withdrawing from the consideration of the jury the three counts which purported to sound in nuisance. We note that the complaint in this case was unnecessarily complicated and tended to hinder and delay, rather than serve, the best interests of the plaintiffs. "We have uniformly approved the use of a single count to set forth the basis of a plaintiff's claims for relief where they grow out of a single occurrence or transaction or closely related occurrences or transactions, and it does not matter that the claims for relief do not have the same legal basis." *Veits* v. *Hartford,* 134 Conn. 428, 438, 58 A.2d 389.

The plaintiffs claim that the trial court erred in instructing the jury upon the first, fifth and ninth counts, in which the facts alleged in their complaint set forth causes of action based upon negligence. The defendants' answer did not contain an affirmative defense. Each plaintiff claimed to have been injured, on more than one occasion, as a result of the negligence of the defendants. The plaintiffs contend that the court, in instructing the jury as to the duty of the defendants, erred in stating: "On the other hand, the claim by the Plaintiffs is that they didn't know what the trouble was on December twenty-seventh, and therefore they lit the thing again on the thirty-first. If they knew what was wrong on the twenty-seventh, they certainly assumed the risk of anything they did on the thirty-first. However, those are the facts for your consideration." Assumption of risk was not specially pleaded, as our practice requires. *Ziulkowski* v.

*Kolodziej,* 119 Conn. 230, 234, 175 A. 780; *Slobodnjak* v. *Coyne,* 116 Conn. 545, 549, 165 A. 681; *French* v. *Mertz Co.,* 116 Conn. 18, 21, 163 A. 457. Upon the issues, as joined by the pleadings, there was no claim by the defendants that any one of the plaintiffs, by lighting the heater after he should have known it was defective, assumed the risk of injury. Consequently, the court erred in this regard and a new trial must be had upon these counts.

In the thirteenth and fourteenth counts of the complaint, the plaintiff Frank alleged that, on behalf of his minor son, Joseph, and his wife, Flora, he had incurred and would incur expenses for their care and treatment to his loss and damage. Although it appears that he offered no evidence of these expenses at the trial, he should have the opportunity, since a new trial is to be had upon the negligence counts, to offer proof of such expenses as he has had or will have for the care and treatment of the injuries to Joseph and Flora claimed to have been caused by the negligence of the defendants.

No useful purpose would be served by a discussion of the remaining assignments of error.

There is error in part; the judgment is affirmed except as regards the first, fifth, ninth, thirteenth and fourteenth counts of the complaint, and as to those counts only a new trial is ordered.

In this opinion the other judges concurred.