EZILDA FONSECA *v.* NEAL M. LAVADO

SUPERIOR COURT     NEW HAVEN COUNTY     FILE No. 34559
AT WATERBURY

Memorandum filed June 2, 1970

*Fitzgerald & Fitzgerald,* of Waterbury, for the plaintiff.

*Howard, Kohn, Sprague & FitzGerald,* of Hartford, for the defendant.

FitzGerald, J.    Plaintiff's complaint is in two counts.    Briefly summarized, the basic allegations common to both counts are these:    On April 24, 1969, the defendant was the owner and landlord of a certain tenement-type apartment house in Waterbury.    On that day the defendant owned and maintained a common walkway along the rear of the apartment house leading to an unpaved driveway. The walkway and driveway were controlled by the defendant and maintained by him for the common use of the tenants of the apartment house, including the plaintiff.    On that day the plaintiff exited from the rear entrance of her apartment and walked along the walkway to the rear of the apartment house, when she was caused to fall at a point where the paved rear walkway bordered the unpaved driveway, and suffered injuries.    The cause of her fall was the defective and dangerous condition of the surface of the walkway and the adjoining driveway in specified respects.

While the first count does not on its face employ the word negligence, as drawn the necessary construction to be accorded is that it purports to allege negligence on the part of the defendant apartment house owner and landlord in various respects.

The second count of the complaint incorporates by reference the allegations of the first count summarized in the initial paragraph of this memorandum and, in addition, alleges that the condition of the walkway and driveway as described consti-

tuted as to the plaintiff a private nuisance. Defendant demurs to the second count of the complaint on the ground "that the plaintiff is a tenant of the defendant landlord and no cause of action sounding in nuisance is available to a tenant against his landlord as a matter of law."

As already noted, the kind of nuisance alleged in the second count is a private nuisance. "A private nuisance exists only where one is injured in relation to a right which he enjoys by reason of his ownership of an interest in land." *Webel* v. *Yale University,* 125 Conn. 515, 525. On at least two occasions a Connecticut trial court in effect has held that a tenant injured by a defective condition on that part of the premises retained in the control of his landlord may plead a proper cause of action in private nuisance. *Jubb* v. *Maslanka,* 22 Conn. Sup. 373, 375–77; *Munz* v. *Abramson,* 18 Conn. Sup. 198, 199.

In support of his demurrer, the defendant argues that the following statement in a decision of our Supreme Court is fatal to the second count of the complaint: "No cause of action sounding in nuisance is available to the tenant against his landlord." *Bentley* v. *Dynarski,* 150 Conn. 147, 153, citing *Collette* v. *Piela,* 141 Conn. 382, 386.

An examination of the factual situation in *Bentley* discloses that the plaintiff's verdict was set aside by the trial court, which action was affirmed on appeal, because there was no evidence to warrant the jury in finding that the defendant retained control of the stairway in question. In *Collette,* the offending gas heater was on that part of the premises demised to the tenant and within the tenant's control. Hence the quoted statement from *Bentley* has no application to the problem at bar and avails the defendant nothing.

The second count of the complaint, sounding in nuisance, to which the interposed demurrer is directed, expressly alleges that the defendant apartment house owner and landlord "owned," "maintained," and "controlled" the walkway and driveway "for the common use of the tenants of the said building, including the plaintiff." It is elementary that a demurrer admits facts well pleaded. The allegations of fact to which reference has been made are necessarily admitted by the demurrer since they are well pleaded.

*Jubb* v. *Maslanka,* supra, and *Munz* v. *Abramson,* supra, are sufficient authorities for overruling the demurrer. The statement relied upon by the defendant in *Bentley* v. *Dynarski,* supra, citing *Collette* v. *Piela,* supra, while a correct statement of a principle of law, as such has no application to the alleged cause and kind of action pleaded in the second count of the complaint.

Accordingly, the defendant's interposed demurrer to the second count of the complaint is required to be, and is, overruled.