[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff instituted the present action to recover damages CT Page 3487 for personal injuries claimed to have been sustained when she fell while bathing in the bathtub/shower in the housing unit where the plaintiff was a tenant. The plaintiff claims that defendant landlord renovated the bathroom and failed to install a safety rail even after it was requested to do so. The First Count of the complaint alleges a cause of action in negligence; the Second Count sets forth a claim based upon a claim of nuisance; and the Third Count alleges a claim based upon a breach of contract. The defendant has moved to strike the Second Count of the complaint on the grounds that it fails to set forth a cause of action for the operation of a private nuisance.
There is no claim that the plaintiff was in the exercise of a public right and therefore, a cause of action in nuisance, if it exists, must be based upon a claim of a private nuisance. "A private nuisance exists only where one is injured in relation to a right which he enjoys by reason by his ownership of an interest in land. `In modern authorities (private nuisance) includes all injuries to an owner or occupier in the enjoyment of the property of which he is in possession without regard to the quality of the tenure."' Couture v. The Board of Education, 6 Conn. App. 309,314 (1986). In order to prevail upon a claim of nuisance a plaintiff must prove various elements including proof that "(3) the use of the land was unreasonable or unlawful." State v. Tippetts-Abbett-McCarthy-Stratton, 204 Conn. 177, 183 (1987). In the present case, the claimed defective condition is located within the devised premises where the plaintiff is the tenant. The renovations undertaken by the landlord would not constitute the use of the land" so as to provide a basis for a cause of action in nuisance. "(N)o cause of action sounding in nuisance is available to the tenant against the landlord." Bently v. Dynarski, 150 Conn. 147,153 (1962); See also, Collette v. Piela, 141 Conn. 382, 386
(1954); Muir v. Housing Authority, 24 Conn. Sup. 439, 440 (1963).
Thus, if a cause of action exists against the defendant, it exists under the First and Third Counts and not under a claim of nuisance as set forth in the Second Count.
Accordingly, the motion to strike the Second Count of the complaint is granted.
RUSH, JUDGE CT Page 3488