[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff, Anna DiFrisco, filed a complaint in two counts on May 7, 1993, against her landlord, Shawmut Mortgage Corporation. The plaintiff alleges that she was injured on or about October 31, 1992, as she was leaning against a railing on the first floor porch of a building owned by the defendant when the railing gave way, causing her to fall backwards and land with great force on the ground below the first floor. The plaintiff was, at that time, a tenant of the defendant on property located at 216 Lounsbury Street, Waterbury, Connecticut. The plaintiff alleges that the defendant retained control over the porch and railing.
The plaintiff alleges in the first count of her complaint that the defendant negligently caused her injuries by failing to discover and give notice to users of the porch that the railing was structurally unsafe. In the second count, the plaintiff alleges that the condition of the porch and railing constituted, as to the plaintiff, a private nuisance.
On July 27, 1993, the defendant filed a motion to strike the second count of the plaintiff's complaint alleging that that count, sounding in private nuisance fails to state a claim upon which relief may be granted.
The court holds that plaintiff has alleged sufficient facts to state a claim upon which relief may be granted and therefore denies the defendant's motion.
The purpose of a motion to strike is "to contest the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185 (1988); Practice Book 152. If facts provable under the allegations of a complaint would support a cause of action, the motion to strike must fail. Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432
(1989).
In the present case, the plaintiff alleges that the defendant was the owner of and was responsible for the maintenance of the railings and porches of the building where she was injured. The plaintiff further alleges that these areas were controlled by the defendant. The plaintiff argues that the defendant's nonfeasance CT Page 10370 constituted a private nuisance.
The defendant, in its motion to strike count two of the plaintiff's complaint, asserts that the plaintiff has failed to plead sufficient facts to state a cause of action. The defendant argues that, in general, a plaintiff cannot state a cause of action against a landlord founded upon nuisance. The defendant further argues that this plaintiff cannot state a cause of action in nuisance because the injury alleged is to the plaintiff's body and not to her property rights.
The dispositive issue in deciding this motion to strike is whether, and under what circumstances, a tenant may bring a nuisance action against her landlord. "[I]n order to prevail on a claim of nuisance, a plaintiff must prove that: (1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the land was unreasonable or unlawful; [and] (4) the existence of the nuisance was a proximate cause of the plaintiff's injuries and damages." (Citation omitted.) State v. Tippetts-Abbett-McCarthy-Stratton, 204 Conn. 177,183, 527 A.2d 688 (1987). Superior Court cases have held that a plaintiff who has alleged that she was injured by a defective condition on part of the premises controlled by the defendant has properly pleaded a cause of action in private nuisance. See, e.g., Ayala v. B B Realty Co., 32 Conn. Sup. 58,337 A.2d 330 (Super.Ct. 1974); Fonseca v. Lavado,28 Conn. Sup. 509, 268 A.2d 415 (Super.Ct. 1970); Jubb v. Maslanka,22 Conn. Sup. 373, 173 A.2d 604 (Super.Ct. 1961); Munz v. Abramson,18 Conn. Sup. 198 (C.P. 1953); But see Muir v. Housing Authority,24 Conn. Sup. 439, 193 A.2d 602 (Super.Ct. 1963) (Defendant landlord's demurrer to the tenant's complaint sounding in nuisance granted despite the fact that the plaintiff had alleged control of the defective premises by the landlord.)
These cases are on point with the present case. With the exception of Muir, in each case the defendant's demurrer to the count of the plaintiff's complaint in nuisance was overruled because the plaintiff had alleged control by the landlord over the premises with the defective condition.
The defendant asserts that a tenant does not have a cause of action against a landlord. However, the cases the defendant relies upon in support of this general statement discuss factual situations in which the defect which is the source of the CT Page 10371 nuisance is in the demised premises. Bentley v. Dynarski,150 Conn. 147, 186 A.2d 791 (1962); Collette v. Piella, 141 Conn. 382,106 A.2d 473 (1954); Ayala v. B B Realty Co., supra.
It is true that a tenant may not sue his landlord in nuisance for a defect in the demised premises. Collette v. Piela, supra. This rule is based on the fact that, by definition, the demised premises are under the tenant's exclusive control. Nevertheless, a tenant injured by a defective condition on that part of the premises retained in the control of his landlord may plead a proper cause of action in private nuisance. Fonseca v. Lavado, supra, 511.
In its memorandum of law in support of the motion to strike, the defendant claims the plaintiff has not stated a claim in nuisance because she has alleged bodily injury rather than an interference with her property rights. The defendant relies on Webel v. Yale University, 125 Conn. 515, A.2d 215 (1939), in support of this proposition.
Webel concerns the liability of a landlord to third persons for defects on leased premises. The supreme court held that "[a] private nuisance can exist only where one is injured in relation to a right which he enjoys by reason of his ownership of an interest in land". Id., 525. "[Private nuisance] includes all injuries to an owner or occupier in the enjoyment of property of which he is in possession, without regard to the quality of the tenure." Id. Therefore, a tenant's property interest would be sufficient to state a claim in nuisance.
Unlike the present case, the plaintiff in Webel v. Yale University was a third person who had no interest in the leased premises and thus was unable to recover from the landlord under a nuisance theory. The present case involves a tenant whose property interest has consistently been held to be sufficient to make him a proper plaintiff in a nuisance action against his landlord.
The defendant argues that bodily injury, when unaccompanied by an interference with property rights, is insufficient to state a claim in nuisance. The first element in a cause of action for nuisance is "the condition complained of had a natural tendency to create danger upon person or property . . . (Emphasis added.) State v. Tippetts-Abbett-McCarthy-Stratton, supra. The plaintiff's allegations of bodily injury are sufficient to state CT Page 10372 a cause of action in nuisance.
Since the plaintiff alleges in the second count of her complaint sufficient facts to constitute a prima facie case in private nuisance, the motion to strike the second count is denied.
/s/ Kulawiz, J. KULAWIZ