[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED MARCH 12, 1997
The defendant has moved to strike count three of the plaintiffs September 20, 1995 complaint in which the plaintiff, Barbara McCarthy, alleges that the defendant, Jensen's, Inc., violated the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq., by failing to maintain a stone walkway in the plaintiffs backyard in a safe condition. The plaintiff alleges that she leases a lot from the defendant, on which her mobile home is placed and that she fell and was injured because the defendant failed to maintain the walkway. The defendant's motion claims that the plaintiffs CUTPA count is legally insufficient because it is not based on allegations that the legislature intended CUTPA to address, nor is count three based on allegations that Connecticut courts recognize as legally sufficient under CUTPA, and that the plaintiff fails to allege elements which Connecticut courts require for a CUTPA claim to survive.
In the first count of her complaint which is headed "FIRSTCOUNT [NEGLIGENCE]," the plaintiff alleges in ¶ 4a:
 it violated § 47-7 of the Conn. Gen. Stats. by not making appropriate repairs to said blocks in said patio or walkway and/or by not keeping said area in a safe condition;
In the contested third count, which is headed "THIRD COUNT
[C.U.T.P.A.]," the plaintiff incorporates ¶¶ 1-10 of the first count which would include the incorporation of the above-quoted ¶ 4a. The plaintiff then alleges that the defendant was engaged in the conduct of trade or commerce and then adds ¶ 12 which reads as follows:
 Said conduct by the defendant in not replacing or maintaining said blocks in a safe manner thereby creating an unsafe condition constituted and unfair trade practice in violation of Conn. Gen. Stats. § 42-110b.
 A Standard of Review
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint to state a claim upon which relief may be granted. The court must construe the facts in the complaint most favorably to the plaintiff." [Internal quotation marks omitted.] Waters v. Autuori,
CT Page 2691236 Conn. 820, 825-26 (1996). "If the facts provable in the complaint would support a cause of action, the motion to strike must be denied."Id., 826. "in ruling on a motion to strike, the court is limited to the facts alleged in the complaint." [Internal quotation marks omitted.] Novametrix Medical Systems v. BOC Group, Inc.,224 Conn. 210, 215 (1992).
DISCUSSION
General Statutes § 42-110b (a) provides that:
 no person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce.
Trade or commerce is defined in § 42-110a(4) as:
 [t]he advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value in this state.
Construed in the light most favorable to the plaintiff, the complaint alleges conduct, the leasing of the lot on which her mobile home is situated, which clearly falls within the statutory definition of trade or commerce.
The Supreme Court has affirmed in Kelly Property Development,Inc. v. Lebanon, 226 Conn. 314, 333 (1993), that:
 "a private cause of action exists under CUTPA for an alleged violation of certain landlord-tenant statutes." Citing Conaway v. Prestia, 191 Conn. 484 (1983).
Defendant has cited Pollio v. Santillo, (Superior Court, Judicial District of New Haven, Docket No. CV94-0359030, Hodgson, J.), 1995 Ct. CaseBase 3753, as persuasive in the instant case.
The court agrees that the Pollio opinion is indeed persuasive. However, the court finds that the court's reason for striking the CUTPA claim in Pollio, is not present in the instant case. Judge Hodgson wrote:
The plaintiffs, in opposing a motion to strike, argue CT Page 2692 as if the third count articulated a claim that the landlord's failure to comply with General Statute § 47a-8 constituted a CUTPA violation. This is not what the plaintiffs have in fact pleaded. Because Practice Book § 109A requires that when a claim is grounded on a statute, the statute must be specifically identified by number, this court is not free to infer that the plaintiffs are invoking noncompliance with the statute.
In the case before this court, the plaintiff, in her first count, clearly claims a violation of § 47a-7, and in the third count clearly incorporates 14 of her first count. The plaintiff has, therefore, alleged facts from which the trier of facts can conclude that the defendant's actions were not simply the product of negligent failure to perform an act, but rather were the "violation of certain landlord/tenant statutes."
If a CUTPA claim is based on negligence alone, it must satisfy all three criteria for unfairness adopted in the "cigarette rule" used by the federal trade commission. The facts supporting a finding as to each of those elements of unfairness must be pled with specificity. However, if the CUTPA claim is based upon violation of a statute there is no such requirement.S.M.S. Textile Mills, Inc. v. Brown, Jacobson, Tillinghast, Lahan King P.C., 32 Conn. App. 786, 796-97 (1993),
"All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because of the lesser extent it meets all three . . . Thus a violation of CUTPA may be established by showing either an actual deceptive practice or a practice amounting to a violation of public policy." [Citations omitted.] Jacobs v. Healey Ford-Subaru, Inc.,231 Conn. 707, 725 (1995).
In Conaway, the Supreme Court held that a violation of a regulatory statute satisfied the first and second criteria of the "cigarette rule." See also, Levesque v. Williamsburg Associates,
Superior Court, judicial District of Hartford/New Britain at Hartford, Docket No. 526235 (February 17, 1995, Sheldon, J.) (holding that a bicycle left in a stairway, allegedly in violation of General Statutes § 47a-7 (3), is sufficient to state a cause of action under CUTPA). CT Page 2693
Accordingly, under the Conaway doctrine, the conduct alleged by the plaintiff, if proven, could constitute an unfair trade practice in violation of General Statutes § 42-110b.
Since the facts alleged in the instant complaint, unlike the pleading in Pollio, plead the violation of a statute and support a cause of action, the defendant's motion to strike count three of the plaintiffs complaint is denied.
BOOTH, J.