[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Doreen and Eric Sallisky, have filed a four count revised complaint against the defendant, Treetops Camping Club, Inc., sounding in negligence, private nuisance, and loss of consortium. The defendant has filed a motion to strike the second and fourth counts of the revised complaint.[1]
The plaintiffs allege that the defendant owned the Treetops campground. The Salliskys resided at that campsite, were tenants of the defendant, and had the use of the campgrounds. The campground had its own system of trails and roads which led to camping areas. On the day in issue, the Salliskys parked their CT Page 3517 car on the main road in the campground near the campground manager's residence. It was parked near a tall, overgrown grassy area which hid a sharp drop off into a ditch with an exposed metal culvert pipe. As Doreen Sallisky was attempting to get into the passenger side of her car, she fell and landed on the sharp edge of the culvert, causing her alleged injuries.
At the time in issue and for a long time previous, the culvert was in a defective and dangerous condition in that: (a) the end of the culvert was located close to the main road, and there was a sharp drop off next to the road where the exposed end of the culvert was located; (b) this area was overgrown with weeds and tall grasses so that the sharp drop off and culvert were hidden from view; (c) the culvert was sharp; (d) there were no signs posted warning of this defective and dangerous condition.
The defendant knew or in the exercise of reasonable care or inspection should have known of said defective conditions. Due to the defendant's negligence, Doreen Sallisky suffered severe, painful and permanent injuries including the following: "(a) an approximately 11 centimeter long deep laceration of the right lower leg near her knee[;] (b) permanent scarring of the right lower leg."
The conditions around the culvert were inherently and continuously dangerous. Doreen Sallisky's injuries were due to the creation, existence or maintenance of said nuisance by the defendant. Said conditions have a natural tendency to create danger and inflict injury upon people. As previously recited, all of the foregoing has been pleaded by the Salliskys.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp. , 240 Conn. 576,580 (1997). "This includes the facts necessarily implied and fairly provable under the allegations. . . ." (Internal quotation marks omitted.) Westport Bank Trust Co. v. Corcoran, Mallin Aresco, 221 Conn. 490, 495 (1992).
The defendant argues that the plaintiffs have not pleaded a CT Page 3518 recognizable claim for private nuisance. "A nuisance . . . describes an inherently dangerous condition that has a natural tendency to inflict injury upon persons or property. . . . The term nuisance refers to the condition that exists and not to the act or failure to act that creates it." Quinnett v. Newman,213 Conn. 343, 348 (1990). In order to state a claim for nuisance, the plaintiff must allege the following four elements: "(1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the land was unreasonable or unlawful; [and] (4) the existence of the nuisance was the proximate cause of the [plaintiff's] injuries and damages." (Citations omitted; internal quotation marks omitted.)Tomasso Bros., Inc. v. October Twenty-Four, Inc., 221 Conn. 194,197 (1992).
One can only state an actionable claim for private nuisance "where one is injured in relation to a right which he enjoys by reason of his ownership of an interest in land . . . [This] includes all injuries to an owner or occupier in the enjoyment of the property of which he is in possession, without regard to the quality of the tenure." (Citations omitted; internal quotation marks omitted.) Couture v. Board of Education, 6 Conn. App. 309,314 (1986); see also Webel v. Yale University, 125 Conn. 515, 525
(1939).
Based on the facts alleged by the plaintiffs, this court finds that the plaintiffs have successfully asserted the necessary four elements for a nuisance cause of action in the second and fourth counts of the revised complaint: (1) the culvert was defective and inherently dangerous; (2) the culvert was a continuing danger; (3) the defendant knew or in the exercise of reasonable care or inspection should have known that dangerous and defective conditions existed; (4) the nuisance was the proximate cause of Doreen Sallisky's injuries.
The defendant argues that the plaintiffs have not demonstrated a sufficient interest in the campsite to maintain a private nuisance cause of action. The weight of Superior Court authority has held that a tenant injured by a defective condition on that part of the premises retained in the control of his landlord may plead a proper cause of action in private nuisance. See, e.g., Gendreau v. Vitti, Superior Court, judicial district of Milford, Docket No. 052879 (March 5, 1997, Flynn, J.); Szponarv. Stasiak, Superior Court, judicial district of Hartford-New CT Page 3519 Britain at New Britain, Docket No. 452914 (July 19, 1993, Goldberg, J.); Ayala v. B B Realty Co., 32 Conn. Sup. 58
(1974); Fonseca v. Lavado, 28 Conn. Sup. 509 (1970); Jubb v.Maslanka, 22 Conn. Sup. 373 (1961).
In the present case, the plaintiffs allege that they resided at a campsite in the campgrounds and were tenants of the defendant, that the culvert was located close to the main road of the campgrounds, and that this was an area maintained by the defendant. In Flavin v. Nolsen, Inc., Superior Court, judicial district of Middletown, Docket No. 077442 (May 15, 1997, Stanley, J.), the court found that a tenant who resides at a campsite states a sufficient interest in land to maintain a claim for private nuisance. The plaintiffs, therefore, have stated sufficient facts to support a cause of action sounding in private nuisance.
The motion to strike counts two and four of the complaint is, accordingly, denied.
Moraghan, J.