[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (DOCKET ENTRY NO. 112)
On October 13, 1998, the plaintiff, Debra Roache, filed a four-count revised complaint AGAINST THE DEFENDANTS Raymond Rogers and Thomas Williams. On November 9, 1998, the defendants filed a motion to strike counts two, three and four, which was granted by the court, Mottolese, J., on March 1, 1999.
On March 8, 1999, the plaintiff filed a four-count substituted complaint against the defendants alleging that on July 21, 1996, the plaintiff resided in a first floor apartment in Bridgeport owned and operated by the defendants. On that date, the plaintiff was in her apartment emptying containers full of water that had been leaking through the ceiling, when she slipped and fell as a result of the "slippery and defective condition of the hallway floor." (Complaint, 6 2). As a result of her fall, she sustained injuries to her head, back, arms, legs and nervous system.
The plaintiff alleges negligence in count one, recklessness in count two, violation of General Statutes § 42-110a et seq., the Connecticut Unfair Trade Practices Act ("CUTPA"), in count three and nuisance in count four. The defendants move to strike counts two, three and four for failure to state a cause of action upon which relief can be granted.
"The purpose of a motion to strike is to contest . . . the CT Page 9688 legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc. v. Sea ShellAssociates, 244 Conn. 269, 270, 709 A.2d 558 (1998). "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." RK Constructors, Inc. v. Fusco Corp. ,231 Conn. 381, 383 n. 2, 650 A.2d 153 (1994); see also Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 432 (1989).
 I. Count Two — Recklessness
The defendants argue that count two is legally insufficient because it fails to contain facts to support the recklessness claim. Specifically, the defendants assert that the plaintiff has merely reasserted the facts supporting her negligence claim in the recklessness count. "The reiteration of acts previously asserted to support a cause of action in negligence, without more cannot be transformed into a claim for reckless misconduct by mere nomenclature." Castrovillari v. Bourse, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 129351 (March 3, 1994, Lewis, J.).
"In order to establish that the defendants' conduct was wanton, reckless, wilful, intentional and malicious, the plaintiff must prove, on the part of the defendants, the existence of `a state of consciousness with reference to the consequences of one's acts. . . . [Such conduct] is more than negligence, more than gross negligence. . . . [I]n order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them. . . .'"Elliott v. City of Waterbury, 245 Conn. 385, 415, 715 A.2d 27
(1998), quoting Dubay v. Irish, 207 Conn. 518, 532-33,542 A.2d 711 (1988)).[1]
The plaintiff, in count two, has incorporated the allegations of negligence found in count one. The plaintiff further alleges in count two that defendants knew of the defective plumbing that caused the unsafe condition of the first floor hallway. Specifically, the plaintiff alleges that the defendants were warned of the unsafe and dangerous condition and allowed this condition to exist "for a long period of time. . . ." (Substitute Complaint, Count Two, ¶ 10). Also, the plaintiff has plead that the defendants had a duty to maintain the property in a safe condition pursuant to the rental agreement and General Statutes CT Page 9689 § 47a-7(a)[2]. As the plaintiff has alleged that the defendants knew or had reason to know that the defective plumbing created a high risk of harm, the plaintiff has alleged sufficient facts to state a claim for recklessness.[3] See Cruz v. Tosado, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 531845 (May 22, 1995, Henessey, J.) (14 Conn. L. Rptr. 272) (allegations that landlord knew of lead paint hazard in tenant's apartment and failed to take steps to prevent danger sufficient to state a claim for recklessness) Accordingly, the defendant's motion to strike count two of the plaintiff's complaint is denied.
 II. Count Three — Connecticut Unfair Trade Practices Act
The defendants argue that the plaintiff, in count three, fails to state a cause of action for a violation of CUTPA because the plaintiff does not allege more than a single instance of misconduct on the part of the defendants. The defendants further contend that even if a single instance of misconduct is sufficient to state a cause of action for a CUTPA violation, the plaintiff has failed to allege the required elements for a violation of CUTPA.
CUTPA provides a cause of action against anyone who engages in "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." General Statutes § 42-110b (a). CUTPA authorizes actions based upon "a method, act or practice." (Emphasis added.) General Statutes § 42-110g (a).
Here, the defendants rely upon Koehm v. Kuhn,41 Conn. Sup. 130, 139, aff'd on other grounds, 18 Conn. App. 313 (1989) to argue that there is a general requirement to allege more than a single act of misconduct in order to state a claim under CUTPA. In Koehm, the defendant attorney filed a counterclaim contending that the filing of the lawsuit against him amounted to a CUTPA violation. Id., 130-32. The court found that the initiation of the lawsuit was "a single isolated instance as distinguished from `unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." A single instance or even isolated instances of unfair practices do not warrant actions under CUTPA. Mead v. Burns, 199 Conn. 651, 666,509 A.2d 11 (1986)." Koehm v. Kuhn, supra, 41 Conn. Sup. 139.
"[T]he defendant's reliance on Koehm v. Kuhn . . . is CT Page 9690 misplaced. . . . Koehm reaches this conclusion by relying on language in Mead V. Burns, 199 Conn. 651 (1986). However, Mead
involved the Connecticut Unfair Insurance Practices Act (CUIPA) which specifically states that for unfair settlement practices to occur such practices must be committed with such frequency as to indicate a general business practice. CUTPA contains no suchprovision." (Emphasis added; internal quotation marks omitted.)Four Beaches Condominium Assn. v. W.C. Brescia Plumbing andHeating, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 384124 (May 23, 1997, Licari, J.).
It should be noted that some superior court decisions have held that an allegation of a single transaction is generally insufficient to bring a claim under CUTPA. See, e.g., ConnecticutNatural Gas Corp. v. Yankee Gas, Superior Court, judicial district of New Britain, Docket No. 482269 (October 30, 1998,Graham, J.) (supplying natural gas to one customer insufficient to state a claim for a violation of CUTPA); Spakowski v. CharterOak Walk-In Medical Center, Superior Court, judicial district of New London at New London, Docket No. 528137 (June 2, 1994 Hurley,J.) (9 C.S.C.R. 683) (alleged negligence causing the plaintiff's ruptured appendix does not state a claim for a CUTPA violation because claim arises from a single transaction); Dalton v. Knell, Superior Court, judicial district of Middlesex, Docket No. 66422 (September 13, 1993, Higgins, J.) (claim for negligence in remodeling home was insufficient because it alleges only one act).
However, "[t]he majority of superior court decisions. have held that a litigant does not need to allege more than a single act of misconduct in order to bring an action under CUTPA." (Internal quotation marks omitted.) Slitz v. Pyramid Custom HomeCorp. of CT, Superior Court, judicial district of Danbury, Docket No. 323247 (April 4, 1997, Stodolink, J.). See, e.g., Abrams v.Riding High Dude Ranch, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 345046 (February 5, 1998,Skolnik, J.); Four Beaches Condominium Assn. v. W.C. BresciaPlumbing and Heating, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 384124 (May 23, 1997, Licari,J.); Michael J. Stula Agency v. Wasniewski, Superior Court, judicial district of New London at New London, Docket No. 526137 (January 22, 1994, Austin, J.); Levesaue v. Kris Enterprises, Superior Court, judicial district of Litchfield, Docket No. 053776 (May 20, 1991, Susko, J.); Metpath, Inc. v. IDS Corp. , Superior Court, judicial district of Hartford/New Britain at New CT Page 9691 Britain (March 12, 1991, Aronson, J).
In Daddona v. Liberty Mobile Home Sales, Inc., 209 Conn. 243,550 A.2d 1061 (1998), the Supreme Court held that a single instance of misconduct can be a violation of CUTPA. The Court found that a violation of CUTPA existed where the defendant dismantled the plaintiff's mobile home rather than evicting her.Daddona v. Liberty Mobile Home Sales, Inc., supra, at 257-58. The court reasoned that "CUTPA was designed to protect the public from unfair practices, and whether a practice is unfair dependsupon the finding of a violation of an identifiable publicpolicy. . . . [A] violation of CUTPA can be found . . . where the defendant's actions violate the public policy found in two subdivisions [(3) and (4)] of General Statutes 47a-43 (a). . . . These provisions of 47a-43 uphold the long-standing public policy against proceeding by way of self-help remedies when evicting a tenant. . . ." (Emphasis added; internal quotation marks omitted.) Id.
Therefore, it is the violation of public policy, and not the number of incidents, that creates the factual predicate for a claim of a CUTPA violation. Moreover, CUTPA is a remedial statute and should be liberally construed. Web Press Services Corporationv. New London Motors, 203 Conn. 342, 354, 525 A.2d 57 (1987). Accordingly, this court finds a single instance of misconduct may state a cause of action for a violation of CUTPA.
In determining whether a particular act or practice violates CUTPA, the Connecticut courts "have adopted the criteria set out in the cigarette rule by the federal trade commission for determining when [an act or] practice is unfair: (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends a public policy established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or otherwise established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [competitors or other businessmen]." (Internal quotation marks omitted.) Jacobs v.Healey Ford-Subaru, Inc., 231 Conn. 707, 725, 652 A.2d 496
(1995).
"All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a CT Page 9692 lesser extent it meets all three. . . . Thus a violation of CUTPA may be established by showing either an actual deceptive practice . . . or a practice amounting to a violation of public policy. . . ." (Citations omitted; internal quotation marks omitted) Id., 725-26.
In Conaway v. Prestia, 191 Conn. 484, 493, 464 A.2d 909
(1993), the Supreme Court held that there is a private cause of action under CUTPA for alleged violations of certain landlord-tenant statutes. Several Superior Court decisions have determined that a personal injury action based upon a landlord's failure to maintain rental property, in violation of landlord-tenant statutes, amounts to a CUTPA violation. See, e.g.,Bergeron v. Desimone, Superior Court, judicial district of Danbury, Docket No. 323603 (October 2, 1998, Radcliffe, J.) (tenant allegedly injured by a defective step on the demised premises properly stated a CUTPA violation); McCarthy v. Jensen'sInc., Superior Court, judicial district of New London, Docket No. 535951 (March 12, 1997, Booth, J.) (19 Conn. L. Rptr. 286) (tenant allegedly injured on stone walkway that landlord failed to maintain in violation of § 47a-7 properly stated a cause of action under CUTPA); Hernandez v. King, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 536321 (January 29, 1996, Hennessey, J.) (tenant injured because of a broken step, alleged to be in violation of Hartford municipal codes and landlord tenant statutes, stated a legally sufficient cause of action under CUTPA).
Here, the plaintiff alleges that she was injured as a result of the defendants' failing to maintain the property in a safe and habitable condition. The plaintiff alleges further that the failure to maintain the property violated General Statutes §47a-7. Also, the plaintiff avers that she was a tenant in a residential building that the defendants used for the purposes of producing income.
Accordingly, this court finds that count three of the complaint withstands the motion to strike as the plaintiff has properly stated a cause of action for a CUTPA violation.[4]
Therefore, the defendants' motion to strike the third count of the plaintiff's amended complaint is denied.
 III. Count Four — Nuisance
The defendants argue that count four does not state a CT Page 9693 nuisance cause of action because a tenant generally does not have a cause of action against a landlord for nuisance. The defendants further argue that even if a tenant has a cause of action against a landlord for nuisance, a claim for injuries as a result of a slippery floor in an apartment properly sounds in negligence, not nuisance.
The defendants rely upon Bentley v. Dynarski, 50 Conn. 147,153, 186 A.2d 791 (1962), in which the Supreme Court stated that "[n]o cause of action sounding in nuisance is available to the tenant against his landlord." Id., 153. The defendants argue that this statement in Bentley v. Dynarski should be interpreted as prohibiting all nuisance actions by a tenant against a landlord. In support of their argument, the defendants claim that, although trial courts have allowed a tenant to bring a nuisance claim against a landlord, the statement in Bentley v. Dynarski has never been qualified or limited by an appellate level court.
In State v. Tipets-Abbett-McCarthy-Stratton, 204 Conn. 177,184, 527 A.2d 688 (1987), the Supreme Court stated that "a landlord's liability for nuisance caused by a defective condition on leased property is determined, in part, by whether the portion of the property on which the condition exists is in the landlord's control or the tenant's. See Bentley v. Dynarski,150 Conn. 147, 151-52, 186 A.2d 791 (1962); Fonseca v. Lavado,28 Conn. Sup. 509, 511, 268 A.2d 415 (1970)."
"The word `control' has no legal or technical meaning distinct from that given in its popular acceptation . . . and refers to the power or authority to manage, superintend, direct or oversee." (Citation omitted.) Panaroni v. Johnson,158 Conn. 92, 98, 256 A.2d 246 (1969). "Unless it is definitely expressed in the lease, the circumstances of the particular case determine whether the lessor has reserved control of the premises . . . and it becomes a question of fact and is a matter of intention in light of all the significant and attendant facts which bear on the issue." Id.
Here, the plaintiff alleges that the defendants "owned, operated, controlled and managed the apartment house" where the plaintiff lived. (Substitute Complaint, Count One, ¶ 6). The plaintiff further alleges that, pursuant to the rental agreement and General Statutes § 47a-7, the defendants had a duty to maintain and repair the plumbing and sanitary systems of the apartment building. (Substitute Complaint, Count Two, ¶ 10) CT Page 9694 Accordingly, the plaintiff has alleged sufficient facts from which a jury could conclude that the defendant retained control over the defective part of the premises.
The defendants next contend that a slippery floor does not amount to a nuisance because it is not an invasion of an interest in, or the enjoyment of, land. The defendants argue that a tenant that suffers a personal injury as a result of a slippery floor or a leaking ceiling has not sufficiently stated an injury to a property right, and therefore only has a cause of action for negligence.
"In the modern authorities it [private nuisance] includes all injuries to an owner or occupier in the enjoyment of the property of which he is in possession, without regard to the quality ofthe tenure." (Emphasis added; internal quotation marks omitted.)Webel v. Yale University, 125 Conn. 515, 525, 7 A.2d 215 (1939). In Jubb v. Maslanka, 22 Conn. Sup. 373, 375, 173 A.2d 604 (1961), the court held that a tenant had a sufficient property interest in a common passageway of a three family home to set forth a cause of action in nuisance. Id. `Connecticut courts have held, in effect, that a tenant injured by a defective condition on that part of the premises retained in the control of the landlord may plead a proper cause of action in private nuisance.'" (Internal quotation marks omitted.) Hall v. Rivera, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 49449 (October 29, 1996, Skolnick, J.), quoting Ayala v. B B RealtyCo., 32 Conn. Sup. 58, 63, 337 A.2d 330 (1974).
"A nuisance, whether public or private, describes an inherently dangerous condition that has a natural tendency to inflict injury upon persons or property." Quinnett v. Newman,213 Conn. 343, 348, 568 A.2d 786 (1990). In order to recover under a nuisance theory, a plaintiff must prove that "(1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the land was unreasonable or unlawful; [and] (4) the existence of the nuisance was the proximate cause of the [plaintiff's] injuries and damages." (Internal quotation marks omitted.) Tomasso Brothers, Inc. v.October Twenty-Four, Inc., 221 Conn. 194, 197, 601 A.2d 1011
(1992), aff'd 230 Conn. 641, 646 A.2d 133 (1994)
Here, the plaintiff alleges that defective plumbing caused water to gush onto the hallway floor, and that this defect was CT Page 9695 not a reasonably safe condition and had a natural tendency to cause danger and inflict injury. (Substitute Complaint, Count Four, ¶ 11). Moreover, the plaintiff alleges that this defect existed for a long period of time and that the defendants, in the exercise of reasonable care, should have remedied it. (Substitute Complaint, Count Four, ¶ 11). Accordingly, the plaintiff has adequately stated a claim for nuisance[5] and the defendants motion to strike count four of the plaintiff's complaint is denied.
SKOLNICK, J.
 CONCLUSION
For the foregoing reasons, it is submitted that the defendants' motion to strike should be denied.