[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff, Arhonti Simmons, brings this action in her capacity as administratrix of the estate of her deceased minor child, Konstantinos Simmons, pursuant to General Statutes § 52-555, seeking damages as a result of the drowning death of her son. The plaintiff filed a one-count complaint on June 13, 2000, sounding in private nuisance against the defendants. Kostantinos and Helen Papadopoulos, the owners of the property upon which the swimming pool was located. The defendants filed a motion to strike the complaint.
A motion to strike challenges the legal sufficiency of the complaint.Gazo v. Stamford, 255 Conn. 245, 260, 765 A.2d 505 (2001). For purposes of this motion to strike the court "must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Peter-Michael, Inc. v. Sea Shell Associates,
CT Page 5047244 Conn. 269, 270, 709 A.2d 558 (1998). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." Gazo v. Stamford, supra, 255 Conn. 260.
The defendants move to strike the complaint stating that the complaint fails to state a claim upon which relief can be granted. The defendants argue that the plaintiff failed to state a cause of action for public nuisance because an injury to a right enjoyed by members of the public was not alleged. A review of the complaint reveals, and the plaintiff agrees; (Plaintiff's Memorandum, p. 4.); that the only cause of action brought by the plaintiff is one for private nuisance. The defendants also argue that the plaintiff's private nuisance claim is legally insufficient. More specifically, the defendants argue that: (1) the plaintiff was not injured with respect to an interest in land; (2) a nuisance claim in favor of a tenant against a landlord for injuries caused by a defect in the premises is not recognized in Connecticut; and (3) the plaintiff's decedent has not alleged an interest in land. The plaintiff filed an objection and a supporting memorandum in response, asserting that: (1) a lessee is an occupier of property, therefore, the minor child of a tenant is also an occupier of the property and is permitted to bring a private nuisance action; and (2) a tenant may bring a private nuisance cause of action against the landlord if the tenant's injury was caused by a defective condition on the part of the premises over which the landlord retained control. The court heard oral argument on February 8, 2001.
For purposes of this motion to strike, the court must accept as true the following facts that are pleaded in the complaint. On June 26, 1997, the plaintiff's decedent, then age three, climbed over a gate, entered an above ground swimming pool, and drowned. The gate separated a deck and the swimming pool. The swimming pool, located on property known as 101 West Prospect Street in West Haven, Connecticut, was appurtenant to a house owned, controlled, possessed, and maintained by the defendants. At the time of the incident, the plaintiff, pursuant to a written lease, resided in a separate apartment and/or room within the property located at 101 West Prospect Street with her minor son, the decedent. For a significant period of time before the incident the defendants allowed the swimming pool, deck, and surrounding gate to remain in a dangerous condition. The defendants had notice and knowledge of the dangerous conditions, yet they failed to remedy them. Specifically, the dangerous conditions creating the private nuisance consisted of: (1) the gate not being of a sufficient height, construction, and/or reinforcement to prevent a three year old child from climbing over the gate and/or unlatching the gate and entering the pool area; (2) the pool did not have a sufficient distance between it and the gate so as to provide the child with an opportunity to stop before entering the pool; and (3) the deck CT Page 5048 area next to the pool was painted, creating a slippery and nonadhesive surface. The conditions complained of had a natural tendency to create danger and inflict injury upon individuals. Additionally, the dangers were continuous and were an unreasonable use of the property. Finally the plaintiff claims that the private nuisance was the proximate cause of the death of the plaintiff's decedent.
Private nuisance includes "all injuries to an owner or occupier in the enjoyment of the property of which he is in possession, without regard to the quality of the tenure." (Internal quotation marks omitted.) Webel v.Yale University, 125 Conn. 515, 525, 7 A.2d 215 (1939). To prevail on a claim of private nuisance, "a plaintiff must prove four elements: (1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the land was unreasonable or unlawful; (4) the existence of the nuisance was the proximate cause of the [plaintiff's] injuries and damages." (Internal quotation marks omitted.) Walsh v. StoningtonWater Pollution Control Authority, 250 Conn. 443, 449 n. 4,736 A.2d 811 (1999).
The court finds that, based on the facts alleged in the complaint the plaintiff has sufficiently alleged the four elements of private nuisance: (1) the gate, the distance between the pool and the gate, and the deck area were defective and inherently dangerous; (2) the gate, the distance between the pool and the gate, and the deck area were a continuing danger; (3) the defendants knew or should have known that dangerous and defective conditions existed; and (4) the private nuisance was the proximate cause of the injuries sustained by the plaintiff's decedent.
There are two issues before the court on this motion to strike: (1) whether a tenant may bring a claim for private nuisance against his landlord; and (2) whether the status of the plaintiff's decedent, the minor child of the tenant, was that of a licensee or that of a tenant.
The defendants argue that Connecticut does not recognize a private nuisance action brought by a tenant against a landlord. The court agrees with the plaintiff that the defendants' reliance on several Connecticut Supreme Court cases to support this proposition is misplaced. For example, the holding in Bentley v. Dynarski, 150 Conn. 147, 153,186 A.2d 791 (1962), a case relied on by the defendants, turned on whether the tenant or the landlord was in control of the property upon which the injury occurred. In that case, the court held that, because the defective condition that caused the tenant's injury was on property that was in the exclusive possession and control of the tenant there could be no cause of action by the tenant against the landlord for nuisance.Bentley v. Dynarski, supra, 150 Conn. 153. Similarly the other cases CT Page 5049 relied on by the defendant fail to support the defendant's assertion that a tenant may not bring a private nuisance claim against a Connecticut landlord.
Because private nuisance includes "all injuries to an owner oroccupier in the enjoyment of the property of which he is in possession, without regard to the quality of the tenure"; (Emphasis added; internal quotation marks omitted.) Webel v. Yale University, supra, 125 Conn. 525; a tenant may bring an action for private nuisance against a landlord if the defective condition that injured the tenant was on the part of the premises over which the landlord retained control. Fonseca v. Lavado,28 Conn. Sup. 509, 512, 268 A.2d 415 (1970); Jubb v. Maslanka,22 Conn. Sup. 373, 375-77, 173 A.2d 604 (1961); Colangelo v. Main StreetDevelopment, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 066498 (August 9, 2000, Groggins, J.) (27 Conn.L.Rptr. 627, 629) (agreeing with "the overwhelming majority of Superior Court decisions that allow a cause of action in nuisance against a landlord if the landlord retains control of the premises where there is an alleged defect").
The defendants next argue that the plaintiff's decedent did not have an interest in the premises and his "status . . . was one of a bare licensee," therefore, a private nuisance action cannot be brought on his behalf. (Defendants' Memorandum, p. 7.) The defendants further argue that, even if Connecticut recognizes a private nuisance action by a tenant against a landlord, the decedent, the tenant's minor child, was not himself a tenant and thus reduced to the status of a mere licensee. The defendant argues that the plaintiff failed to allege that the decedent was a party to the lease is fatal to the cause of action. The defendants rely on Schiavone v. Falango, 149 Conn. 293, 296, 179 A.2d 622
(1962) to support their argument. The defendants' represent that the holding in Schiavone v. Falango "was that the status of a minor child on the common area of a landlord outside the demised premises of the tenant is one of licensee." (Defendants' Memorandum, p. 5.) This is incorrect. The court in Schiavone v. Falango did not hold that the status of a tenant's child, while on the part of the property retained in the control of the landlord, is that of a licensee. Rather, the parties conceded that the tenant's child was a licensee. The court accepted this concession without analysis of its correctness Schiavone v. Falango, supra,149 Conn. 296.
The court agrees with the plaintiff that the minor child of a tenant possesses an interest in land sufficient to bring an action against the landlord in private nuisance. "[I]t is generally agreed that anyone who has no interest in the property affected, such as a licensee, an employee or a lodger on the premises, cannot maintain an action based on private CT Page 5050 nuisance. But although there is authority to the contrary, the greater number of cases have regarded members of the family of the possessor as sharing the possession with him, and hence as entitled to recover damages which they have sustained, on the basis of nuisance." W. Prosser W. Keeton, Torts (5th Ed. 1984) § 87, pp. 621-22. Although the Connecticut Supreme Court has not addressed this precise issue, a number of Superior Court decisions have adopted this approach. See, e.g.,Gesswin v. Beckwith, 35 Conn. Sup. 89, 91, 397 A.2d 121 (1978) (holding that "[i]n light of the . . . the recent trend in the majority of courts which confers possessory status upon members of the family of the possessor of a property interest, the minor plaintiff . . . is found to have a property interest sufficient to form a basis for an action in private nuisance"); Ayala v. B B Realty Co., 32 Conn. Sup. 58, 62-63,337 A.2d 330 (1974) (overruling the demurrer to the private nuisance count because the defective condition that resulted in the minor tenant's injuries was on property over which the landlord retained control).
For the reasons stated above, the motion to strike is denied.
By the Court,
Kevin E. BoothJudge of the Superior Court