BARBARA BENTLEY ET AL. *v.* LAURENTINA DYNARSKI

KING, MURPHY, SHEA, ALCORN and FITZGERALD, Js.

Argued October 3—decided December 4, 1962

*William R. Davis,* with whom, on the brief, was *Leon RisCassi,* for the appellants (plaintiffs).

*Bruce W. Manternach,* with whom, on the brief, was *Colin C. Tait,* for the appellee (defendant).

SHEA, J. The plaintiff Barbara Bentley brought this action to recover damages for personal injuries resulting from a fall alleged to have been caused by the negligence of the defendant in failing to maintain a stairway in a reasonably safe condition. The other plaintiff, Barbara's husband, sued to obtain reimbursement for expenses paid or incurred by him for the care and treatment of his wife. The jury returned a verdict for the plaintiffs. The trial court, on motion of the defendant, set aside the verdict because there was no evidence to warrant the jury in finding that the defendant retained control of the stairway. The plaintiffs have appealed.

In reviewing the action of the court on the motion to set aside the verdict, we must consider the evidence in the light most favorable to the plaintiffs. *Bambus* v. *Bridgeport Gas Co.*, 148 Conn. 167, 168, 169 A.2d 265; *Lurier* v. *Danbury Bus Corporation*, 144 Conn. 544, 547, 135 A.2d 597. Under this rule, the jury could have found the following facts: The defendant is the owner of a two-family house in New London. In October, 1957, the plaintiffs rented the apartment on the second floor under an oral month-to-month lease. An attic on the third floor was used for storage purposes by the plaintiffs and the defendant. In the rear of the premises, an outside stairway extended from the ground to the second-floor apartment. The treads of the stairway were badly worn and contained hollow areas in which water settled after a storm. The stairs had not been in a reasonably safe condition for a long time, and the plaintiff Barbara knew that they were in a defective condition. On October 23, 1958, at about 3:30 p.m., Barbara, while descending the stairs, slipped on a wet step and fell, sustaining the injuries of which she complains. It had rained

earlier that day, and there were puddles of water on the stairs. When the plaintiffs rented the apartment, the defendant told them that she would take care of anything that went wrong if they would let her know about it. The defendant, on request by the plaintiffs, had repaired the oil burner, the hot-water heater, a toilet and some water faucets. Barbara, herself, cleaned and took care of the stairway in question but had not told the defendant that it was in need of repairs. About two years after the accident, the stairs were painted by the defendant's husband.

Ordinarily, under an oral lease of a tenement in a building housing more than one family, the lessor neither impliedly warrants that the demised premises are in a reasonably safe condition nor impliedly undertakes to keep in reasonable repair the portion of the premises leased to and placed in the exclusive possession and control of the lessee. *Torre* v. *DeRenzo,* 143 Conn. 302, 306, 122 A.2d 25; *Masterson* v. *Atherton,* 149 Conn. 302, 306, 179 A.2d 592. In the absence of an express or implied agreement to the contrary, the lessee of a tenement such as the one involved in this case acquires an exclusive occupancy and control of the tenement and, as incidental thereto, the parts of the structure which form an integral part of the tenement. *Torre* v. *DeRenzo,* supra; *Central Coat, Apron & Linen Service, Inc.* v. *Indemnity Ins. Co.,* 136 Conn. 234, 237, 70 A.2d 126; *Aprile* v. *Colonial Trust Co.,* 118 Conn. 573, 579, 173 A. 237. Whether the stairway here was included in the plaintiffs' lease and thus was under their control as tenants or was reserved to the defendant and so was under her control is essentially a question of intention, to be determined, in the absence of an expression in the lease, in the

light of all of the significant circumstances, such as the location of the stairway and the use actually made of it. *Miller* v. *Mutual Mortgage Co.,* 112 Conn. 303, 305, 152 A. 154. Although the plaintiffs alleged that the stairway was used in common by all tenants, there is no evidence to support this assertion. So far as the evidence discloses, the stairway was used only as a means of access to or egress from the plaintiffs' second-floor tenement. The right to use it was included in their lease as a matter of law. *Martel* v. *Malone,* 138 Conn. 385, 389, 85 A.2d 246. "The appurtenances of ingress and egress, essential to use and reasonably within the contemplation of the parties at the time of the leasing, are as much a part of the room conveyed as the room itself." 3 Thompson, Real Property (Perm. Ed.) p. 229; *Mayer* v. *Hazzard,* 10 Cal. App. 2d 1, 3, 51 P.2d 189. Under the circumstances, there can be no doubt that the stairway was a part of the premises included in the plaintiffs' lease.

The plaintiffs contend that, even though the stairway led only to their apartment, there was sufficient evidence for the jury to find that the defendant retained control of it, and that therefore she was liable for any injuries resulting from a failure to maintain it in a reasonably safe condition. The plaintiffs claim that the defendant had reserved a right of access by way of the stairway to make repairs in the plaintiffs' second-floor apartment. There is no evidence to show whether the defendant had ever used the stairway to gain access to the plaintiffs' apartment to make repairs. Even if the stairs were used for that purpose, the most that could be inferred from that fact is that the request by the plaintiffs to make the particular repairs carried with it an implied license to the defendant

to enter the premises and to use the stairway in so doing. *Masterson* v. *Atherton,* supra, 310; *Dean* v. *Hershowitz,* 119 Conn. 398, 415, 177 A. 262. While the defendant agreed to make repairs when the need was called to her attention, she was entitled to notice from the plaintiffs of the particular part of the premises claimed to be out of repair. *Rumberg* v. *Cutler,* 86 Conn. 8, 10, 84 A. 107. In view of these circumstances, she was under no duty to inspect the premises or to make any repairs until a request was received from the plaintiffs. It is true that repair by a landlord of a condition within demised premises may serve to corroborate other evidence indicating a reservation by him of the right of control. *Masterson* v. *Atherton,* supra, 311. Standing alone, however, testimony regarding such repairs is open to too many explanations besides an assumption of control and is too much outweighed by the implications growing out of the nature of the estate created by the leasing to afford a basis on which to find a reservation of control. *Shegda* v. *Hartford-Connecticut Trust Co.,* 131 Conn. 186, 190, 38 A.2d 668. It is significant that Barbara, although aware of the defective condition of the stairs, had not requested the defendant to repair them.

The plaintiffs place particular emphasis on the fact that the defendant's husband painted the stairway in the absence of any request by the plaintiffs to do so. This work was done in September or October, 1960, almost two years after Barbara sustained her injuries. There is no evidence of any structural repairs to the stairway, and the painting job, by itself, would not support a finding by the jury that the defendant retained control of the stairway. *Masterson* v. *Atherton,* supra; *Shegda* v. *Hartford-Connecticut Trust Co.,* supra. The plaintiffs also

point to the evidence concerning the third-floor attic which was used for the storage of property by the defendant as well as by the plaintiffs. There is nothing to show how access was gained to the attic or that the defendant had ever gone there during the plaintiffs' tenancy. The evidence as to the use of the attic is too vague and uncertain to lend any support to the plaintiffs' claim of control.

In the third count of their complaint, the plaintiffs claim a right of recovery on the ground of nuisance. When a tenant takes exclusive possession of demised premises, he ordinarily takes them as he finds them, and the landlord is not liable for structural defects therein except those which the tenant could not discern with reasonable diligence and with knowledge of which the landlord was chargeable. *Masterson* v. *Atherton,* supra, 306; *DesMarchais* v. *Daly,* 135 Conn. 623, 626, 67 A.2d 549; *Webel* v. *Yale University,* 125 Conn. 515, 518, 7 A.2d 215. No cause of action sounding in nuisance is available to the tenant against his landlord. *Collette* v. *Piela,* 141 Conn. 382, 386, 106 A.2d 473.

There is no error.

In this opinion the other judges concurred.