[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The third party defendant makes this motion for summary judgment as against the complaint of the third party plaintiff.
The third party plaintiff is the lessor of certain premises in a shopping center. The third party defendant is the lessee of one of the stores. It is alleged in the principle action that the plaintiff fell on a sidewalk. The evidence demonstrates that the plaintiff fell on a sidewalk outside the store leased to the third party defendant.
The second count of the third party complaint alleges that the third party defendant lessee had "exclusive control of . . . the area where the plaintiff Paresina Griggs allegedly fell." The third party plaintiff, however, in his answer to Supplemental Requests for Admissions, which answer is dated February 18, 1993, admits that "it agreed to keep and maintain the exterior of the demised premises." A review of the lease reveals that paragraph 5g thereof, provides "The landlord at its sole cost and expense shall keep and maintain the exterior of the demised premises. . . ."
At Common Law liability for injury due to defective premises is upon the party who is in possession and control. See, Farlow v. Andrews Corporation, 154 Conn. 220. Possession and control is a question of fact and is not conclusively determined by the fact of the geometric dimensions of the demised premises. This is particularly so where the locus of the injury is "upon the appurtenances of ingress and egress essential to the use" of the demised premises. See, Bently v. Dynanski, 150 Conn. 147, 151; Panaroni v. Johnson,158 Conn. 92. CT Page 8488
As between themselves the parties may contract as to which of them will accomplish the maintenance of areas appurtenant to the demised premises. In the instant case the third party plaintiff, the lessor, assumed that responsibility. The third party plaintiff, in defending against the third party defendant's motion for summary judgment does not allege any facts to support a position that the third party defendant was in possession and control of the sidewalk which was the locus of the alleged fall. There are no facts proffered by either party to indicate a shifting of the common law responsibility for non-demised premises from the third party plaintiff lessor to the third party defendant lessee in contradiction of the terms of the lease. See such potential shifting in cases such as Dean v. Hershowitz,119 Conn. 398.
There is no genuine issue as to any material fact that the third party plaintiff lessor retained possession and control of the non-demised premises. (Practice Book 384). The motion for summary judgment as to the second count of the third party complaint is granted.
The first count of the third party complaint claims indemnity against the third party defendant. This is based upon a claim that under the terms of the lease, section 5b, that the tenant, here the third party defendant "will hold the Landlord harmless against all claims, suits, damages . . . from any injury to person . . . upon the sidewalks, steps, railings and approaches appurtenant thereto . . ."
Section 5b of the lease further provides that the third party defendant tenant will secure a general liability policy "in the names of both Landlord and Tenant for their protection in their respective capacities" as concerns suits for damages for injuries sustained at said locations.
The third party defendant in its motion for summary judgment or brief does not take the position that the contract provision for indemnity is unenforceable at law. Nor does the third party defendant allege or set forth facts claiming that the locus of the fall is a locale outside of the perimeters of the area described in the hold harmless agreement. Consequently summary judgment cannot enter on the first count of the third party complaint. CT Page 8489
The motion for summary judgment as pertains to the first count of the third party complaint is denied.
L.P. Sullivan, J.