[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ARTICULATION OF MOTION TO DISMISS
The defendant Marriott Corporation filed a Motion to Dismiss, dated January 20, 1992, claiming "lack of subject matter jurisdiction." On October 30, 1992 the defendant made a motion to correct, informing the court that the motion of January 20, 1992 should have read Motion to Dismiss for Lack of Personal Jurisdiction.
The complaint alleges that the defendant is an out-of-state corporation. By amendment to the complaint the plaintiff alleges that the defendant is duly authorized to conduct business in the state of Connecticut. The sheriff's return states that he served the complaint upon "Jamie Hall, Office Manager of Prentice Hall Legal 
Financial Services, Agent for Service for the within named defendant Marriott Corporation at 30 High Street, Suite 100, in the said town of Hartford, on the 17th day of July 1991."
The complaint alleges that the defendant "owned, operated, managed and/or controlled a resort in Cancun, Mexico commonly known as `Marriott's Cancun Resort.'" The complaint alleges that the plaintiff's decedent lost his life by drowning in the Caribbean Sea directly in front of CT Page 9125 the resort, and that he suffered extreme pain and suffering, mental anguish and emotional distress prior his death. The complaint alleges that the defendant "advertised, invited and/or induced individuals, including the plaintiff's decedent, to travel to the resort using the allure of the Caribbean Sea and beaches to entice said travel . . ." and that they "knew or reasonably should have known that the tide and/or currents were dangerous and hazardous to the safety of said individual." Other specific acts of negligence are alleged concerning the failure of the facility to have and provide proper safeguards to guard against the drowning of the plaintiff's decedent.
The defendant in its motion or brief does not contest the allegation of the complaint that the defendant is duly authorized to conduct business in this state, nor does it contest the Sheriff's Return setting forth the fact of its having a duly appointed Agent for Service in this state.
In appointing an agent for service in compliance with Connecticut General Statutes Sec. 33-411a "a corporation which complies with the requisites of General Statutes sec. 33-411(a) has in fact consented to the exercise of jurisdiction by the courts of the state." Wallenta v. Avis Rent A Car System, Inc., 10 Conn. App. 201, 207. A foreign corporation has the option of appointing the Secretary of the State, or an individual, or a domestic corporation or other authorized corporation as its agent for service (C.G.S. 33-400). Having done so the corporation consented to the exercise of personal jurisdiction by this court.
The defendant, in making and briefing the motion, confuses the hypothetical question of whether a foreign corporation has involuntarily subjected itself to personal jurisdiction by virtue of certain activities (Sec. C.G.S. 33-411(b)(e) with the instant circumstances wherein the defendant has voluntarily consented to the jurisdiction of the courts of the state by virtue of its voluntary compliance with C.G.S. 33-411(a) and C.G.S. 33-400. It is not jurisdiction over the Mexican corporation which is the issue raised by this motion. It is the court's jurisdiction over this defendant which has been placed in issue. The defendant also takes the position that because it claims that "the Marriott Corporation does not control, CT Page 9126 manage, operate or have any legal intent in `Marriott Cancun Resort' the courts of this state lack personal jurisdiction over the defendant Marriott Corporation. Such questions are issues of substantive law which relate to the viability of the cause of action.
Questions concerning whether the substantive law of Mexico or that of Connecticut are applicable under the body of law referred to as Conflict of Laws do not affect jurisdiction. The court has subject matter jurisdiction, as it has authority to adjudicate this particular type of legal controversy. See Monroe v. Monroe, 177 Conn. 173,185. The commission of a tort outside of the state creates a right of action that may be sued upon in this state. See Commonwealth Fuel Co. v. McNeil, 103 Conn. 390, 405; Presutti v. Presutti, 181 Conn. 622, 629.
Absent a showing to the contrary it is presumed that the substantive law of Mexico is the same as the substantive law of this state. See Walzer v. Walzer,173 Conn. 62, 76. At common law liability for injury due to failure to maintain premises in a reasonably safe condition is upon the party who is in possession and control. See Farlow v. Andrews Corporation, 154 Conn. 220, 225. Possession and control is a conclusion based upon proof of subordinate facts. See Bentley v. Dynarski, 150 Conn. 147,151; Panaroni v. Johnson, 158 Conn. 92. If it is ultimately determined that the defendant was not in control of said premises the cause of action against the defendant on those claims would fail, not because of lack of jurisdiction over the person or the action, but because of failure to prove the substantive cause of action. Even there, the question of in-state negligent or intentional nondisclosure and wrongful inducement, as a substantive claim, would still be before the court, as a matter of substantive law, independent of the substantive issue of actual possession and control of the out-of-state premises.
Lastly, Practice Book 142 requires that a motion to dismiss on the grounds of lack of personal jurisdiction must be filed within 30 days of filing an appearance, and if not so filed, is waived. Practice Book 144.
The appearance was filed on August 5, 1991. The motion to dismiss was filed on January 23, 1992, well CT Page 9127 beyond the 30-day period.
The motion to dismiss, as corrected by the defendant to be a motion to dismiss for lack of personal jurisdiction, is denied. Had the motion to dismiss on the grounds of subject matter jurisdiction been pursued as such it would have been required to be denied for the reasons set forth herein.
L. Paul Sullivan, J.