[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case is before the Court on Defendant Rivera's Motion to Strike the First, Third, Fourth and Sixth Counts of the plaintiff's substituted revised complaint of June 12, 1996. CT Page 8384
Dilinda Hall has filed a sixteen-count substituted revised complaint as mother and next of friend of her minor child, Adam Breda, for personal injuries sustained by the minor child due to his exposure to lead paint. The plaintiff alleges, inter alia, that Adam sustained injury as a result of exposure to and ingestion of lead from September 1992 through the present while a tenant at 80 High Street in Ansonia, Connecticut, a dwelling owned by the defendant, Dr. Paul Rivera.[1] As a result of his exposure, Adam claims to have sustained serious physical and emotional injuries and his mother has expended and will incur expenses for medical and educational treatment and care in the future.
The first count alleges that the defendant is liable for leasing the premises with lead-based paint, failure to inspect for lead-based paint and failure to de-lead the premises in violation of General Statutes §§ 21a-82, 47a-7, 47a-8, 47a-54f
and 19a-111 to 19a-111d. The third count alleges that the lead-based paint constituted an absolute nuisance. The fourth count alleges that leasing an apartment with lead-based paint constitutes an abnormally dangerous activity. The sixth count alleges that Dr. Rivera breached the covenant of quiet enjoyment.
On June 27, 1996, the defendant filed a motion to strike the first, third, fourth, and sixth counts of the plaintiff's substituted revised complaint dated June 10, 1996. Defendant argues that the first count fails to state a claim upon which relief may be granted because the plaintiff failed to plead that the defendant had either actual or constructive notice of the alleged statutory violations; that the third count fails to state a claim upon which relief may be granted because the theory of absolute nuisance is not available to a tenant an action against his landlord; that the fourth count fails to state a claim upon which relief may be granted because the abnormally dangerous activity basis for liability is not available to a tenant in an action against the landlord for injuries arising out of lead-based paint, and that the sixth count fails to state a claim upon which relief may be granted because the plaintiff did not allege facts sufficient to bring her within a claim for breach of the covenant of quiet enjoyment. The defendant has filed a memorandum of law in support of his motion as required by Practice Book § 155.
The plaintiff filed a memorandum of law in opposition to the CT Page 8385 defendant's motion to strike.
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief may be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." Novametrix Medical Systems,Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15, 618 A.2d 25
(1992).
Count One — Statutory Violations
In support of his motion to strike, the defendant contends that the court should strike the first count alleging violations of General Statutes §§ 21a-82, 47a-7, 47a-8, 47a-54f and19a-111 to 19a-111d because the plaintiff failed to plead that the landlord had either actual or constructive notice of the presence of lead in the leased premises. The defendant cites Gore v.People's Bank, 235 Conn. 360, 373, 665 A.2d 1341 (1995) for the proposition that in order to be held liable for violations of General Statutes §§ 47a-7, 47a-8 and 47a-54f, the landlord must have actual or constructive notice of the defect. The defendant argues that this same analysis should be extended to General Statutes §§ 19a-111 to 19a-111d because the language of the statutes does not reflect an intent to eliminate the common law requirement of notice.
In opposition, the plaintiff argues that the plain language of General Statutes § 47a-7 imposes an affirmative duty on landlords to do whatever is necessary to keep their premises hazard-free. The plaintiff relies on Housing Authority v. Olesen,31 Conn. App. 359, 362, 624 A.2d 920 (1993) for this proposition. She further contends that in order to determine liability for violations of General Statutes § 47a-54f and 19a-111 to19a-111d, the plaintiff must fall within the class of persons protected by the statute and the injury must be of the type which the statute sought to prevent. In applying this analysis, the plaintiff concludes that the statute and regulations were intended to prevent small children, like the minor plaintiff, from ingesting lead-based paint because of the resulting physical and emotional damages.
The plaintiff also argues that the defendant is negligent per CT Page 8386 se because he knew or should have known of the lead-based paint hazard, containing that the landlord had the opportunity to discover the hazard and therefore had constructive notice under the law that the lead-based paint hazard existed prior to the plaintiff's tenancy. She cites Gore v. People's Savings Bank,
supra, 235 Conn. 384 for this proposition.
In examining the issues involved in determining the liability of a landlord for injuries caused by lead exposure to individuals lawfully upon his premises, an appropriate starting point is 2 Restatement (second), Property, landlord and tenant § 17.6 (1977), quoted with approval by the Court, Katz, J., in the Coore
case:
 "A landlord is subject to liability for physical harm caused to the tenant and others upon the leased property with the consent of the tenant or his subtenant by a dangerous condition existing before or arising after the tenant has taken possession, if he has failed to exercise reasonable care to repair the condition and the existence of the condition is in violation of: (1) an implied warranty of habitability; or (2) a duty created by statute or administrative regulation."
The overriding requirement in order for liability to ensue is the existence of a dangerous condition on the leased premises, which is in violation of either an `implied warranty of liability' or `a duty created by statute or administrative regulation. See comment (a) of § 17.6. Furthermore, the liability flows from the landlord's failure to exercise reasonable care to repair the condition which, of necessity, requires either actual or constructive notice of the condition by the landlord in time to repair it prior to the injury's occurrence.
Section 47a-8 of the Connecticut General Statutes provides that:
 "The presence of paint which does not conform to federal (Lead paint) standards . . . or of cracked, chipped, blistered, flaking, loose or peeling paint which constitutes a health hazard on accessible surfaces in any dwelling unit, tenement or any real property intended CT Page 8387 for human habitation shall be construed to render such dwelling unit . . . unfit for human habitation."
This statute was repealed by the legislature, effective July 1, 1994. It is clear that such repeal does not have a retrospective effect so as to eliminate the cause of action of a claimant protected by the statute at the time of injury. As the plaintiff's complaint alleges that the minor child was exposed to lead paint from September 1992 to January 16, 1995, the date of the original complaint, the legislature's repeal does not affect the rights of the parties in this case.
Following the Supreme Court's remand of the Gore case to the Appellate Court, that court interpreted the Supreme Court's opinion in Gore as holding that a violation of §§ 47a-8 and47a-54f constitutes negligence per se. Gore v. Peoples SavingsBank, 40 Conn. App. 219, 223 (1996). Although negligent per se if lead paint is present on his property a landlord is not strictly liable for injury resulting therefrom because no liability ensues unless and until he has had actual or constructive notice of the lead paint's presence, reasonable opportunity to remedy this defect and has failed to do so. Id., 225.
In Count One the plaintiff alleges that the defendant failed to properly inspect the premises and failed to properly "de-lead" the premises, claiming that the lead paint was present on both the exterior and interior of the premises. The claim of lack of proper inspection, if proven, would make the receipt of actual notice impossible, but could well justify a finding of constructive notice by the trier. Accordingly, the defendant's motion to strike Count One of the plaintiff's substituted complaint is denied.
The defendant next argues that the court should strike the third count because a cause of action in nuisance is not available to a tenant in an action against his or her landlord.Bentley v. Dynarski, 150 Conn. 147, 153, 186 A.2d 791 (1962). He states that the rule is based on the presumption that the demised premises is under the tenant's — not the landlord's — control. He further argues that the plaintiff has failed to allege any facts which demonstrate that the landlord had control over the leased premises.
In response, the plaintiff argues that she did not have CT Page 8388 exclusive control over the premises but that the defendant retained control over the premises. Furthermore, the plaintiff contends that the statutes have imposed additional responsibilities on landlords that modify the common law principle cited by the defendant. She cites Gore v. People'sSavings Bank, supra, 235 Conn. 375 for this proposition.
"Connecticut case law recognizes a variety of types of nuisance. Nuisances may be characterized as public or private, and may be absolute (intentional) or merely the result of negligence." Stewart v. Federated Department Stores, Inc.,
Superior Court at Stamford, Docket No. 103721 (May 17, 1991, Lewis, J., 4 Conn. L. Rptr. 67).
"Nuisances which are intentional, are delineated as such by the Courts using that word as meaning not that a wrong or the existence of a nuisance was intended but that the creator of them intended to bring about the conditions which are in fact found to be a nuisance." Beckwith v. Stratford, 129 Conn. 506, 511,29 A.2d 775 (1942).
"Nuisances are public where they violate public rights, and produce a common injury, and where they constitute an obstruction to public rights. . . ." Couture v. Board of Education, 6 Conn. App. 309,314, 505 A.2d 432 (1986). In contrast, "[a] private nuisance exists only where one is injured in relation to a right which he enjoys by reason of his ownership of an interest in land." Webel v. Yale University, 125 Conn. 515, 525, 7 A.2d 215
(1939).
"[I]n order to prevail on a claim of nuisance, a plaintiff must prove that: (1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the land was unreasonable or unlawful; [and] (4) the existence of the nuisance was a proximate cause of the plaintiff's injuries and damages." (Internal quotation marks omitted). State v. Tippetts-Abbett-McCarthy-Stratton, 204 Conn. 177,183, 527 A.2d 688 (1987).
The plaintiff has alleged facts in her substituted revised complaint that comply with this four prong test. First, the plaintiff alleges that the "toxic levels of lead paint . . . in intact and non-intact conditions on the interior and exterior surfaces of the High Street residence, caus[ed] Ms. Hall's minor CT Page 8389 child to suffer injuries and losses." Count One, para. 7. The plaintiff then alleges that the danger existed from September 1992 through the present. Count One, para. 7. The plaintiff further alleges that the defendant "failed to properly inspect the High Street residence to determine whether it contained dangerous, hazardous and toxic levels of lead paint. . . ." Count One, para. 8. The plaintiff also alleges that the nuisance was the proximate cause of her injuries. Count One, para. 7, para. 9.
The plaintiff may prevail on her claim of private nuisance even though she does not have an ownership in the land. "In the modern authorities [private nuisance] includes all injuries to an owner or occupier in the enjoyment of the property of which he is in possession without regard to the quality of the tenure." (emphasis added) Webel v. Yale University, 125 Conn. 515, 525,7 A.2d 215 (1939). Several trial courts have permitted tenants to maintain an action founded in private nuisance since the Webel decision. One trial court overruled the defendant's demurrer on the ground that the tenant plaintiff had a sufficient interest in the common passageway of a three family house to set forth a cause of action in nuisance. Jubb v. Maslanka, 22 Conn. Sup. 373,375, 173 A.2d 604 (1961). The Jubb court reasoned that "[t]he right to use the common stairway may be part of the leased premises even though the landlord remains in control thereof." Id.
"Connecticut courts have held, in effect, that a tenant injured by a defective condition on that part of the premises retained in the control of his landlord may plead a proper cause of action in private nuisance." Ayala v. B B Realty Co.,32 Conn. Sup. 58, 63, 337 A.2d 330 (1974). See also Gesswin v.Beckwith, 35 Conn. Sup. 89, 397 A.2d 121 (1978) and DiFrisco v.Shawmut Mortgage, Superior Court at Waterbury, Docket No. 115155 (December 3, 1993, Kulawiz, J., 10 Conn. L. Rptr. 486).
These cases are distinguished from those cases in which the defect is in the demised premises. "When a tenant takes exclusive possession of demised premises . . . no cause of action sounding in nuisance is available to the tenant against the landlord."Szponar v. Stasiak, Judicial District of Hartford/New Britain, at New Britain, Docket No. 452914 (July 19, 1993, Goldberg, J.,8 CSCR 856). See also Bentley v. Dynarski, 150 Conn. 147,186 A.2d 791 (1962). CT Page 8390
In the present case, the plaintiff alleges that her minor son was injured by lead paint contained in intact and non-intact conditions on the interior and exterior surfaces of the High Street residence which were in the control of the landlord. Therefore, the court finds the plaintiff has alleged sufficient facts to support a cause of action for absolute nuisance. Accordingly, the defendant's motion to strike the third count is denied.
Count Four — Strict Liability for Abnormally Dangerous Activity
In his memorandum of law in support of his motion to strike, the defendant argues that the courts have not applied the theory of abnormally dangerous activity to lead paint cases, but have limited the theory to cases involving blasting and explosives. He cites Green v. Ensign-Bickford Co., 25 Conn. App. 479,595 A.2d 1383, cert. denied, 220 Conn. 919, 597 A.2d 341 (1991) for this proposition.
In opposition, the plaintiff contends that strict liability should lie in this case because defective lead paint exposes children to probable injury and is therefore extrinsically dangerous as indicated in Connecticut's statutory scheme regulating lead-based paint. The plaintiff also cites Branch v.Western Petroleum, Inc., 657 P.2d 276 (Utah 1982) for the proposition that a property owner can be held strictly liable for environmental hazards.
The Supreme and Appellate Courts of our state have not addressed whether the leasing of an apartment containing lead-based paint constitutes an ultrahazardous activity. "The doctrine has traditionally been applied in cases involving blasting and explosives. . . . Connecticut's sole extension beyond blasting cases is to damage from a concussion resulting from pile driving." (Citations omitted.) Green v. Ensign-BickfordCo., supra, 25 Conn. App. 482-83. The trial courts have also refused to extend the doctrine to lead paint cases because the injurious effects of lead-based paint are avoidable. See Leblanc v.Munger, Superior Court, judicial district of Windham at Putnam, Docket No. 0052267 (March 13, 1996, Sferrazza, J.) and Gutierrez v.Jefferson Street Med. Bldg., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 529230 (September 27, 1994, Hennessey, J., 12 Conn. L. Rptr. 472). Therefore, this court finds the rental of an apartment containing lead-based paint does not constitute an abnormally dangerous activity. CT Page 8391 Therefore, the defendant's motion to strike as to the fourth count is granted.
Count Six — Breach of Covenant of Quiet Enjoyment
The defendant argues that in order to state a claim for breach of covenant of quiet enjoyment, the plaintiff must allege either actual or constructive eviction. The plaintiff has failed to plead an actual eviction nor can she as she alleges in her substituted revised complaint that she continues to reside in the High Street residence with her family.
The defendant also argues that the plaintiff has failed to allege the three required elements of a constructive eviction: that the landlord created a problem rendering the premises untenantable the tenant vacated the premises due to the problem, and that the premises was vacated within a reasonable time following the incident. He cites Thomas v. Roper, 162 Conn. 343,349, 294 A.2d 321 (1972) for this proposition.
In response, the plaintiff maintains that she has plead sufficient facts to maintain an action for breach of the covenant of quiet enjoyment. She also adopts the three part test discussed above, indicating that the presence of the lead-based paint is attributable to the landlord defendant and that the premises is now uninhabitable. As to the third prong, the plaintiff asserts that whether or not she still occupies the apartment is a question of fact and should not be raised by a motion to strike.
"The covenant of quiet enjoyment is that the grantee shall have legal quiet and peaceful possession and is broken only by an entry on and an expulsion from the land or from actual disturbance of possession by virtue of some paramount title or right. . . . A disturbance or entry by a mere intruder is not sufficient to constitute a breach of a covenant of quiet enjoyment. . . ." (Citations omitted.) Net Realty Holding Trustv. Nelson, 33 Conn. Sup. 22, 25, 358 A.2d 365 (1976).
"In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." NovametrixMedical Systems, Inc. v. BOC Group, Inc., supra, 224 Conn. 214-15.
As the plaintiff cannot allege an actual eviction due to his continuing to reside at the defendant's premises and must have CT Page 8392 vacated the premises under the Thomas case, supra in order to come within the doctrine of constructive eviction, the plaintiff has failed to allege sufficient facts to state a claim for breach of the covenant of quiet enjoyment. Accordingly, the defendant's motion to strike as to the sixth count is granted.
David W. Skolnick, Judge