[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON DEFENDANTS' MOTIONS TO STRIKE
In this civil action, the plaintiffs, a minor child and his parents, seek to recover for personal injuries allegedly sustained by the minor plaintiff due to alleged exposure to lead in paint. Causes of action have been pled in statutory negligence, common law negligence, CUTPA, and nuisance. As to each of these claims, the minor plaintiff seeks damages for his personal injuries and the parents seek to recover their expenses related to the minor's care.
In counts seven and eight, the plaintiffs seek to recover in nuisance for the minor's personal injuries resulting from his exposure to lead (count seven) and the parents' expenses related to the minor's personal injuries (count eight). The defendants have moved to strike these counts.[1]
The complaint alleges the following: The defendants Robert and Linda Gottlieb owned, operated, controlled and maintained a dwelling and leasehold interests therein located at 345 Grovers Avenue in Bridgeport, Connecticut (¶ 1). The plaintiffs Mary and Steven MacLeod began residing in the premises as tenants in July 1993. The minor plaintiff John MacLeod has resided there since his birth on October 24, 1995 (¶ 3). During the time that the minor plaintiff lived at 345 Grovers Avenue, the interior and exterior surfaces were covered with lead-based paint, some or all of which was cracked, chipped, blistered, flaking, loose or peeling and was being released into the environment (¶ 5). The minor child was exposed to, ingested, inhaled and absorbed lead CT Page 8610 and lead-based paint, the source of which was lead-based paint found in the environment of the dwelling, and, as a result, he suffered personal injuries (¶¶ 6-9). The defendants were responsible for renting, managing, operating, maintaining, repairing and controlling the premises (¶ 4). The defendants controlled the painting and upkeep of the interior and exterior surfaces of the premises (¶ 10).
The plaintiffs claim they have properly pled a cause of action in absolute nuisance because the complaint alleges the four elements of nuisance[2] and that the defendants controlled the painting and upkeep of the interior and exterior surfaces of the premises. The court disagrees that the allegations of the complaint support a claim for absolute nuisance. Moreover, on policy grounds, the court is reluctant to recognize a cause of action in absolute nuisance under the facts as alleged for fear of opening a "back door" to holding landlords strictly liable for lead-based paint hazards in contravention of the holding in Gorev. People's Savings Bank, 235 Conn. 360, 665 A.2d 1341 (1995). See Sanchez v. General Urban Corp., Superior Court, judicial district of New Haven, Docket No. 378774 (Feb. 6, 1997, Lager, J.).
To be actionable, absolute nuisance requires that the defendants act intentionally "to bring about the conditions which are in fact found to be a nuisance." Beckwith v. Stratford,129 Conn. 506, 511, 29 A.2d 775 (1942). In this case, the condition which is alleged to be a nuisance is cracked, chipped, blistered, flaking, loose or peeling lead-based paint (¶ 11). It is not alleged, nor can it be inferred, that the defendants intended, by controlling the painting and upkeep of the interior and exterior surfaces of the premises, to bring about the condition of cracked, chipped, blistered, flaking, loose or peeling lead-based paint. Rather, the allegations would support proof that the defendants were negligent in the upkeep and maintenance of those areas they retained in their control and therefore created a risk of exposure to lead by failing to inspect and abate defective lead-based paint surfaces. See Collette v. Piela, 141 Conn. 382,386, 106 A.2d 473 (1954). A landlord has a duty to "use reasonable care to keep in reasonably safe condition the parts of the building over which he reserves control." Douglas v. 95 Pearl Street Corp.,157 Conn. 73, 82, 245 A.2d 129 (1968).
Having concluded that the seventh and eighth counts are premised on negligent conduct, the next question is whether these counts sufficiently allege a negligent nuisance. "The same CT Page 8611 considerations affecting negligence apply to a nuisance arising out of negligence." Noebel v. Housing Authority, 146 Conn. 197,203, 148 A.2d 766 (1959). The court must accept as true, for purposes of the motion to strike, that the defendants controlled the painting and upkeep of the interior and exterior surfaces of the premises, that the surfaces were defective in the manner alleged and that those surfaces had a natural tendency to create danger and cause injuries. Nonetheless, the defendants' liability for personal injury damages based on negligent conduct, under traditional common law principles of landlord liability, would depend both on actual or constructive notice of the defective surfaces prior to the time of the minor plaintiff's injuries and a failure to remedy the defect within a reasonable period of time after notice. Gore, supra, 235 Conn. at 373. Neither actual nor constructive notice is alleged in counts seven and eight and thus they fail to properly allege negligent nuisance in this case. Moreover, it is questionable whether the defendants' retention of control over the painting and upkeep of the interior and exterior surfaces of the premises amounts to a use of the land so as to provide a basis for a claim of negligent private nuisance. SeeContreas v. Greenwich, Superior Court, Judicial District of Stamford-Norwalk at Stamford, Docket No. 113395 (April 15, 1992, Rush, J.)
Finally, the defendants have maintained that a tenant cannot bring a claim of nuisance against his landlord. Bentley v.Dynarski, 150 Conn. 147, 153, 186 A.2d 791 (1962). The plaintiffs respond, relying on two Superior Court decisions, Gesswin v.Beckwith, 35 Conn. Sup. 89, 397 A.2d 121 (1978) and Ayala v.B B Realty, 32 Conn. Sup. 58, 337 A.2d 330 (1974), that a tenant is not prohibited from bringing an action in nuisance for damages for personal injury. These decisions, however, appear to be in conflict with decisions of the Supreme Court and are not persuasive here.[3] Moreover, the broad question of whether a tenant is absolutely prohibited from suing his landlord in nuisance is not before the court. The specific question is whether private negligent nuisance, if properly pleaded, is the appropriate cause of action here to recover damages for the personal injury the minor plaintiff allegedly sustained as a result of exposure to lead due to the negligent conduct of the defendant landlords in the painting and upkeep of the interior and exterior surfaces of the demised premises over which they maintained control.
"A private nuisance is an invasion, usual nontrespassory, of CT Page 8612 the private use and enjoyment of land. Typical examples would be smoke, fumes, dust, vibration or noise produced by a defendant on his own land and impairing the use and enjoyment of neighboring land. The recognition of nuisance as a tort goes back at least to the thirteenth century and the old assize of nuisance that protected the interest in the quiet enjoyment and use of land." F. Harper, F. James, O. Grey, I The Law of Torts, § 1.23, p. 1:89 (3d ed. 1996). Historically, the tort of nuisance functioned to prevent an owner or occupier of land from engaging in activities within the boundaries of his property that are harmful to the property interests of his neighbors. Thus, the typical case of private nuisance involves interference with the plaintiff's interest in his land or his enjoyment of his land as a result of the defendant's unlawful or unreasonable use of his land. See, e.g., Filisko v. Bridgeport Hydraulic Co.,176 Conn. 33, 404 A.2d 889 (1978) (Conditions at town refuse dump in violation of health department regulations resulted in polluted water which contaminated plaintiff's pond depreciating value of plaintiff's property and causing discomfort and annoyance.).
The historical roots of common law nuisance as a tort against land are often forgotten, particularly as litigants seek to expand claims of nuisance to encompass personal injury claims arising out of negligence. In rejecting such an effort, our Supreme Court remarked: "Nuisance is a word often very loosely used; it has been not inaptly described as `a catchall of ill-defined rights.'" Gonchar v. Kelson, 114 Conn. 262, 271,158 A. 545 (1932) (An unregistered vehicle driven upon the highway, that struck and injured the plaintiff, is not a nuisance.).
Over the years, the Supreme Court has had a number of opportunities to consider the distinction between liability in nuisance and negligence. In the landmark case of Webel v. YaleUniversity, 125 Conn. 515, 525, 7 A.2d 215 (1939), the Supreme Court, in defining a private nuisance to include "all injuries to an owner or occupier in the enjoyment of the property of which he is in possession" (emphasis supplied), concluded that "[t]he distinction between liability in negligence and nuisance has frequently not been clearly maintained in the cases."
The Webel Court specifically referred to a case before it in 1937, Wolfe v. Rehbein, 123 Conn. 110, 116, 193 A. 608 (1937), as one "where the claim might have been made that the plaintiff under this principle was not entitled to recover in nuisance because the defect complained of did not amount to a private CT Page 8613 nuisance as regards him." Webel, supra, 125 Conn. at 525. TheWolfe plaintiff, similar to the plaintiffs here, sought to recover damages for fatal injuries his young daughter sustained while playing in a pile of lumber that the defendant, a neighbor, had placed upon the boundary line between his property and the plaintiff's property. A portion of the lumber extended onto the plaintiff's land over the boundary line. The action was brought both in negligence and nuisance.
More recently, in Schiavone v. Falango, 149 Conn. 293, 296,179 A.2d 622 (1962), the Supreme Court, citing Webel, concluded that a minor plaintiff could not sue his landlord in private nuisance for personal injuries he sustained when using an outside wooden stairway to go from his first floor apartment to visit other children on the second floor, even though the stairway was exclusively in the control of the landlord. The court held that "[r]ecovery, if there be any, must . . . rest on negligence alone."
The common thread in Webel, Wolfe, and Schiavone is that the injured plaintiff either did not have an interest in the land or had not been damaged in his use or enjoyment of the land and, therefore, had no actionable claim in nuisance, a tort founded on injury to land.[4] However, since the tort of negligence is not dependent on the nature of the plaintiff's interest in the premises and does not require any damage to land or its use or enjoyment, a logical conclusion to be drawn from these cases is that the tort of negligence provides the remedy when the tenant's claim is for damages for personal injury sustained as a result of a defective condition within the landlord's control.[5]
A second line of cases also supports the conclusion that negligence, not nuisance, provides the remedy for personal injuries sustained by a tenant due to a defective condition appurtenant to the demised premises. This line also begins withWebel and ends with the Supreme Court's relatively unequivocal pronouncement in Bentley v. Dynarski, supra, 150 Conn. at 153, that "[n]o cause of action sounding in nuisance is available to the tenant against his landlord."
In DesMarchais v. Daly, 135 Conn. 623, 627, 67 A.2d 549
(1949), the plaintiff, a member of the tenant's household, was injured when he fell on a defective tread of an interior stairway. Although the plaintiff claimed the landlord maintained control over interior repairs, the court, without any explanation CT Page 8614 other than a citation to Webel, concluded that there could be no recovery on the ground of nuisance.
In Collette v. Piela, supra, 141 Conn. at 386-87, the court, citing DesMarchais, concluded that a defective gas heater which emitted fumes that injured the tenant plaintiffs, a minor and his parents, amounted to a structural defect for which the remedy was a cause of action in negligence not nuisance. Finally, inBentley, supra, 150 Conn. 147, the same principle precluded recovery in nuisance for personal injuries the plaintiff sustained when she slipped and fell on a defective exterior stairway.
The common thread of these cases is that while a landlord may be held liable for personal injury to his tenants caused by structural defects, the landlord's liability is not absolute but must be based on knowledge of the defect or notice of it from the tenant. The requirements of actual or constructive notice and proof of control over the defect, except for those structural defects actually or constructively known to the landlord that a tenant cannot reasonably discern, are the hallmarks of landlord premises liability law. See Gore v. People's Savings Bank, supra,235 Conn. at 373-74.
Thus, contrary to the Superior Court authority relied on by the plaintiffs,[6] our Supreme Court has been unwilling to allow a tenant to proceed against a landlord in nuisance when the tenant claims personal injury caused by a defective condition which is deemed a structural defect. In this case, the conditions alleged to have existed during the entire time that the minor plaintiff resided at the premises — cracked, chipped, blistered, flaking, loose or peeling lead-based paint — can be characterized as such a structural defect and certainly would have been obvious to the plaintiffs upon reasonable inspection. Negligence, as pleaded in counts one through four, provides the appropriate remedy for the minor plaintiff's alleged personal injuries. This conclusion is consistent with authority and with the Supreme Court's position in Gore v. People's Savings Bank, supra,235 Conn. at 374, that "as a matter of common law, a tenant's claimfor injuries caused by lead-based paint in the apartment would depend upon proof of control and actual or constructive notice of the conditions giving rise to the defective conditions caused by the lead-based paint." (Emphasis supplied)
For all the reasons stated in this memorandum, the CT Page 8615 defendants' motion to strike counts seven and eight is granted.
LINDA K. LAGER, JUDGE