[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
On April 15, 1999, the plaintiff, Michelle Ramirez, was a tenant of the Winthrop Square Apartments, located at 93 State Pier Road, New London, Connecticut. The apartment complex is owned by the defendant, Thames River Associates Limited Partnership. The defendant Vesta Corporation is the managing agent of Thames, and manager of the Winthrop Square Apartments.
On April 26, 2001, the plaintiff filed a complaint against both defendants alleging two counts of negligence, and three counts of nuisance on the following facts. On April 15, 1999, the plaintiff was walking down a paved walkway connecting her residence to the parking lot. The walkway, also used as a drainage trough, sloped toward the parking lot in a downhill manner. Debris and sand had accumulated along the walkway. The plaintiff, walking along the walkway en route from her building to the parking lot, fell sustaining injury. The plaintiff alleges that the walkway was a common area, under the control of both defendants.
In the third count of the complaint, the plaintiff alleges that the walkway on which she fell constitutes a nuisance. Specifically, the plaintiff alleges that the walkway had a natural tendency to create danger and inflict injury. She alleges that this danger was of a continuing nature, and that the defendants' maintenance of the walkway was unreasonable and/or unlawful and therefore a nuisance. In the fourth count, the plaintiff makes the same factual allegations as in count three, and further alleges that the defendants failed to provide a drainage or diversion device to prevent the accumulation of sand and debris, and further, failed to remove accumulated sand and debris within a reasonable time. In the fifth count, the plaintiff repeats the allegations of counts three and four, and further alleges that the defendants' maintenance of the walkway constitutes an absolute nuisance.
On August 1, 2001, the defendants moved to strike, pursuant to Practice Book § 10-39, the plaintiff's third, fourth and fifth counts of the CT Page 55 complaint. The defendants move to strike on the ground that a "tenant may not maintain a claim sounding in nuisance against his landlord and must find his remedy, if any, in a claim of negligence." The defendants filed a memorandum of law in support. On August 30, 2001, the plaintiff filed a memorandum in opposition.
 DISCUSSION
"The purpose of a motion to strike is to contest. . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). In ruling on a motion to strike, "the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576, 580,693 A.2d 293 (1997). "[W]e construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Gazo v. Stamford, 255 Conn. 245, 260, 765 A.2d 505 (2001). "It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well pleaded facts . . . are taken as admitted." (Internal quotation marks omitted.) Id. "Moreover. . . what is necessarily implied in an allegation need not be expressly alleged." (Brackets omitted; internal quotation marks omitted.)Lombard v. Edward J. Peters, Jr., P.C., 252 Conn. 623, 626, 749 A.2d 630
(2000).
The defendants move to strike counts three, four and five of the complaint. The defendants argue that a tenant may not bring a nuisance action against a landlord. Rather, the defendants assert that a tenant's proper cause of action against a landlord for personal injury caused by defects on the premises is in negligence. In opposition, the plaintiff argues that a landlord is subject to suit in nuisance if the landlord retains control of the area where there is an alleged defect.
In support of the motion to strike, the defendants assert that Connecticut does not recognize a nuisance action against a landlord. In support of their position, the defendants rely on Bentley v. Dynarski,150 Conn. 147, 186 A.2d 791 (1962). The defendants' reliance on this case, however, is misplaced. In Bentley, the court held that a tenant could not bring a nuisance cause of action against his landlord. Id. This holding, however, turned on whether the tenant or the landlord was in control of the property on which the injury occurred. Id. "In that case, the court held that, because the defective condition that caused the tenant's injury was on property that was in the exclusive possession and control of the tenant there could be no cause of action by the tenant against the landlord for nuisance." Simmons v. Papadopoulos, Superior CT Page 56 Court, judicial district of New Haven at Meriden, Docket No. 273005 (April 11, 2001, Booth, J.). In fact, our Supreme Court has stated that, in determining whether a tenant may bring a nuisance action against a landlord, "a critical factor . . . is whether the defendant exercises control over the property that is the source of nuisance." State v.Tippetts-Abbett-McCarthy-Stratton, 204 Conn. 177, 527 A.2d 688 (1987).
The defendants note that there is a split of authority addressing this issue at the trial level. "The leading trial level decision concerning this [issue] is Jubb v. Maslanka, 22 Conn. Sup. 373, [173 A.2d 604] (1961). That case held that a tenant may bring a nuisance action against the landlord if the defective condition is in a common area. . . . Except for the case of Muir v. Housing Authority, 24 Conn. Sup. 439 [193 A.2d 602] (1963), every reported Superior Court case dealing with this issue has followed the holding of Jubb v. Maslanka. . . ." (Citations omitted; internal quotation marks omitted.) Colangelo v. Main Street Development, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 066498 (August 9, 2000, Grogins, J.) (27 Conn.L.Rptr. 627). "[A] tenant may bring an action for . . . nuisance against a landlord if the defective condition that injured the tenant was on the part of the premises over which the landlord retained control." Simmons v.Papadopoulos, supra, Superior Court, Docket No. 273005; see alsoColangelo v. Main Street Development, supra, Superior Court, Docket No. 066498 ("the overwhelming majority of Superior Court decisions . . . allow a cause of action in nuisance against a landlord if the landlord retains control of the premises where there is an alleged defect");Goyette v. Abadir, Superior Court, judicial district of Windham at Putnam, Docket No. 061995 (February 15, 2000, Sferrazza, J.); Dehnel v.Licki, Superior Court, judicial district of New Britain at New Britain, Docket No. 494612 (May 22, 2000, Kocay, J.); Roache v. Rogers, Superior Court, judicial district of Farifield at Bridgeport, Docket No. 354114 (July 26, 1999, Skolnick, J.).
In the third, fourth and fifth counts of the complaint, the plaintiff alleges that the walkway was part of the common area of the premises, and was owned and controlled by the defendants. Therefore, the plaintiff alleges sufficient facts to support a cause of action in nuisance.
 CONCLUSION
The cases relied upon by the defendants do not support their assertion that a tenant may not bring a nuisance action against a landlord. The court adopts the reasoning of an overwhelming majority of Superior Court decisions. The defendants' motion to strike is denied in its entirety.
 D. Michael Hurley Judge Trial Referee
CT Page 57